UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

|  | |
|---|---|
| IN RE MCP 191 | No. 24-8028 |
| SECURUS TECHNOLOGIES, LLC,<br><br>*Petitioner*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES,<br><br>*Respondents*. | No. 24-1860 |

**UNOPPOSED MOTION TO INTERVENE
OF DIRECT ACTION FOR RIGHTS AND EQUALITY**

Pursuant to 28 U.S.C. § 2348, 47 U.S.C. § 402(e), and Federal Rule of Appellate Procedure ("FRAP") 15(d), Petitioner Direct Action for Rights and Equality, Inc. ("DARE"), which has challenged certain aspects of the order on review, hereby moves to intervene in support of respondents in the individual action *Securus Technologies, LLC v. Federal Communications Commission*, No. 24-1860 (filed Sept. 4, 2024). The *Securus Technologies* action is consolidated in the above-captioned matter. DARE has conferred with counsel to all parties, and no party opposes DARE's intervention. DARE's motion is timely under FRAP 15(d) because

1

it was filed "within 30 days after" the petition for review filed by Securus Technologies, LLC, on September 4, 2024.

DARE seeks to intervene in support of respondents in the *Securus Technologies* action to protect its rights to defend as intervenor certain substantive provisions of the order on review that DARE is not challenging in its own petition. Specifically, DARE objects to those aspects of the order that do not adequately protect consumers and that permit safety and security costs, but it supports those aspects of the order that fulfill the Federal Communication Commission's ("FCC's") statutory directive to—consistent with DARE's mission—reduce the costs of incarcerated people's communication services ("IPCS").

## BACKGROUND

The consolidated action arose from two sets of petitions for review of the FCC's order *In the Matter of Incarcerated People's Communication Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services*, WC Docket Nos. 23-62 & 12-375, FCC 24-75 (released July 22, 2024) ("Order"), which implements the Martha Wright-Reed Just and Reasonable Communications Act of 2022 ("Martha Wright-Reed Act"), Pub. L. No. 117-338, 136 Stat. 6156 (2023) (codified at 47 U.S.C. §§ 152–153, 276).

DARE submitted comments in the administrative proceedings that culminated in the Order. DARE is a 501(c)(3) organization based in Rhode Island that strives

2

to promote social, economic, and political justice among low-income families living in communities of color while elevating the voices and perspectives of incarcerated individuals. To that end, DARE maintains a Securus account to facilitate conversations with incarcerated individuals to ensure their interests are centered in DARE's work. The Order thus implicates DARE's significant interests in incorporating the perspectives of incarcerated individuals as part of its mission.

The first set of petitions at issue was filed in response to the publication of a portion of the Order in the Federal Register on August 26, 2024; that portion addressed petitions for reconsideration, clarification, and waiver. *See generally* Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services, 89 Fed. Reg. 68,369 (Aug. 26, 2024). The petitions filed in response to that publication include the *Securus Technologies* action, as well as *DARE v. Federal Communications Commission et al.*, No. 24-1814 (filed Sept. 5, 2024), *Criminal Justice Reform Clinic v. Federal Communications Commission et al.*, No. 24-1859 (filed Sept. 5, 2024), and *Pennsylvania Prison Society v. Federal Communications Commission et al.*, No. 24-1861 (filed Sept. 5, 2024).

These actions were consolidated in this Circuit as the result of a random selection conducted by the United States Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 2112(a)(1). *See* Consolidation Order, *In re FCC,*

*Incarcerated People's Commc'ns Servs., Implementation of the Martha Wright-Reed Act, FCC 24-75, Released July 22, 2024, 89 Fed. Reg. 68,369, Published on Aug. 26, 2024*, MCP No. 191 (J.P.M.L. Sept. 18, 2024), Dkt. No. 3.

The second set of petitions at issue was filed in response to the publication of the remaining portions of the Order in the Federal Register on September 20, 2024. *See generally* Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services 89 Fed. Reg. 77,244 (Sept. 20, 2024). Those petitions include *DARE v. Federal Communications Commission et al.*, No. 24-1886 (filed Sept. 24, 2024), and *Pennsylvania Prison Society v. Federal Communications Commission et al.*, No. 24-1886 (filed Sept. 25, 2024).

## ARGUMENT

DARE is entitled to intervene in support of respondents in the *Securus Technologies* action pursuant to 28 U.S.C. § 2348, which provides that "any party in interest in the proceeding before the agency whose interests will be affected if an order of the agency is or is not enjoined, set aside, or suspended, may appear as parties [in all court proceedings under 28 U.S.C. § 2344] of their own motion and as of right." *Id*; *see Alabama Power Co. v. FCC*, 311 F.3d 1357, 1366 (11th Cir. 2002) ("Under 28 U.S.C. § 2348, . . . parties to the agency proceeding can intervene as of right."). These "requisites for intervention . . . are less stringent" than the

requirement of 28 U.S.C. § 2344 that a party petitioning for review be a "'party aggrieved,' a term which has uniformly been interpreted to require that petitioners be parties to any proceedings before the agency preliminary to issuance of its order." *Alabama Power Co. v. ICC*, 852 F.2d 1361, 1367 (D.C. Cir. 1988).

DARE objects to certain aspects of the Order that fail to adopt consumer protection measures and that permit the recovery of safety and security costs that are not used or useful in the provision of IPCS. But DARE also has a strong interest in intervening in support of respondents to defend remaining aspects of the Order, which, consistent with DARE's mission, reduce IPCS costs for incarcerated individuals and their families by, *inter alia*, eliminating the requirement that the individuals utilizing IPCS pay providers on a per-call basis. These interests will be affected by the outcome of the *Securus Technologies* action. And DARE was a party in interest in the agency proceedings, as it submitted comments in those proceedings that the Order cited in rejecting DARE's concerns. *See Incarcerated People's Communication Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services*, 89 Fed. Reg. 77,244, 77,284 (Sept. 20, 2024).

For these reasons, DARE may intervene as of right. *See Behctel v. FCC*, 10 F.3d 875, 878 (D.C. Cir. 1993) (noting that "another disappointed applicant" intervened as of right "pursuant to 28 U.S.C. § 2348"); *Kansas City S. Indus., Inc. v. ICC*, 902 F.2d 423, 434 (5th Cir. 1990) (noting previous grant of intervention under

28 U.S.C. § 2348 to union that advocated in agency proceedings for agency to impose more protective labor conditions on carrier subsidiaries in railroad merger); *compare* Order, *In re MCP No. 185*, No. 24-700 (6th Cir. Sept. 24, 2024), Dkt No. 158-2 (granting intervention), *with* Joint Motion to Intervene in Support of Respondents, *In re MCP No. 185*, No. 24-7000 (6th Cir. June 6, 2024), Dkt. No. 55 (three organizations seeking intervention pursuant to 28 U.S.C. § 2348 where the organizations submitted comments in the underlying FCC proceeding).

Even without a statutory right to intervene, this Court should grant DARE leave to intervene pursuant to FRAP 15(d). Rule 15(d) requires that motions to intervene "contain a concise statement of the interest of the moving party and the grounds for intervention." And the Supreme Court has instructed that courts should consider "the 'policies underlying intervention in the district courts,'" including "the 'legal interest' that a party seeks to 'protect' through intervention on appeal." *Cameron v. EMW Women's Surgical Ctr., PSC*, 595 U.S. 267, 277 (2022) (first quoting *Automobile Workers v. Scofield*, 382 U.S. 205, 217 n.10 (1965); and then quoting Fed. R. Civ. P. 24(a)(2)).

DARE satisfies this standard. As discussed above, DARE objects to aspects of the Order for failing to adequately protect the rights of incarcerated individuals and their families while desiring to see the remaining aspects of the Order that further those rights upheld. For example, Securus challenges portion of the Order in which

the FCC denied Securus's petition for waiver of several regulations, including 47 C.F.R. § 64.6080, which prohibits per-call and per-connection charges. The FCC grounded its denial in the fact that waiver "would permit a provider to impose such one-time charges in addition to any base rates for alternative pricing plans." Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services, 89 Fed. Reg. at 68,370. Securus's attempt to circumvent this "key consumer protection rule," *id.*, directly implicates DARE's interests in the reduction of the costs of IPCS services consistent with its mission.

## CONCLUSION

For the foregoing reasons, DARE's unopposed motion to intervene in support of respondents in *Securus Technologies, LLC v. Federal Communications Commission*, No. 24-1860 should be granted.

Dated: October 4, 2024                    Respectfully submitted,

                                          /s/ *Jessica Ring Amunson*
                                          Jessica Ring Amunson
                                          Jenner & Block LLP
                                          1099 New York Ave, N.W. Suite 900
                                          Washington, D.C. 20001
                                          (202) 639-6000
                                          jamunson@jenner.com

                                          *Counsel for Direct Action for Rights and Equality*

# CERTIFICATE OF COMPLIANCE

Under Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure, I certify this motion complies with the length limits set forth Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1414 words, as counted by Microsoft Word, excluding the items that may be exempted under Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in 12-point Times New Roman font.

*/s/ Jessica Ring Amunson*
Jessica Ring Amunson

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, DARE makes the following disclosures:

1. DARE is a section 501(c)(3) non-profit organization headquartered in Providence, Rhode Island.

2. There is no corporation that owns 10% or more of DARE's stock.

                                                      /s/ *Jessica Ring Amunson*
                                                      Jessica Ring Amunson

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Jessica Ring Amunson*
Jessica Ring Amunson
