IN RE MCP 191　　　　　　　　　　No. 24-8028

**JOINT OPPOSITION TO SECURUS TECHNOLOGIES, LLC'S
MOTION TO TRANSFER**

Pursuant to Federal Rule of Appellate Procedure 27(a)(3)(A), Petitioner Direct Action for Rights and Equality, Inc. ("DARE"), Petitioner Criminal Justice Reform Clinic, and Petitioner Pennsylvania Prison Society (collectively "Public Interest Petitioners"), hereby oppose Securus Technologies, LLC's ("Securus") motion to transfer this consolidated action to the Court of Appeals for the Fifth Circuit. This action is pending in this Court pursuant to a valid judicial lottery conducted by the United States Judicial Panel on Multidistrict Litigation pursuant to 28 U.S.C. § 2112(a)(1). Transfer is permissible only "[f]or the convenience of the parties in the interest of justice." 28 U.S.C. § 2112(a)(5). Securus's transfer motion does not meet that standard.

Securus's motion seeks to upset the results of the judicial lottery that has already occurred, arguing essentially that because of a quirk in the timing of the Federal Register's publication of the order under review, Securus should be allowed unilaterally to choose the venue for the entirety of this litigation on behalf of all parties aggrieved by the order. That proposition cannot be correct given Congress's

1

carefully delineated scheme for selection of venue. Nor would transfer vindicate the "convenience of the parties," who are already before this Court. And transfer would undermine, rather than further, "the interest of justice." Securus's theoretical concerns about standing or ripeness have been mooted by the publication of the remainder of the order under review and the filing of superseding related petitions, three of which are already pending before this Court. For these reasons, as explained herein, this Court should deny Securus's motion.

## BACKGROUND

On July 22, 2024, Respondent Federal Communications Commission ("FCC") released its order *In the Matter of Incarcerated People's Communication Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services*, WC Docket Nos. 23-62 & 12-375, FCC 24-75 (released July 22, 2024) ("Order"). The Order implements the Martha Wright-Reed Just and Reasonable Communications Act of 2022 ("Martha Wright-Reed Act"), Pub. L. No. 117-338, 136 Stat. 6156 (2023) (codified at 47 U.S.C. §§ 152–153, 276). The Public Interest Petitioners all participated in the administrative proceedings that culminated in the Order, submitting comments that urged the FCC to take further steps to lower its proposed rate caps, adopt consumer protection measures, protect the rights of incarcerated individuals with disabilities, and bar the recovery of additional safety and security measures through regulated rates.

On August 26, 2024, the Federal Register published only a portion of the Order, which addressed petitions for reconsideration, clarification, and waiver. *See generally* Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services, 89 Fed. Reg. 68,369 (Aug. 26, 2024). Securus then filed a petition for review in the Court of Appeals for the Fifth Circuit. In its petition for review, Securus not only challenged the denial of its petitions for waiver and for clarification, but also represented that it was challenging the entire Order, though the remainder of the Order had not yet been published in the Federal Register. *See* Pet. for Review at 1 & n.1, *Securus Techs., LLC v. FCC*, No. 24-60454 (5th Cir. Sept. 4, 2024), Dkt. No. 1 ("Securus Technologies, LLC ('Securus') hereby petitions this Court for review of an order of the Federal Communications Commission ('Commission')." (citing and attaching full Order)).

To safeguard its right to challenge portions of the Order and to participate in the judicial lottery process pursuant to 28 U.S.C. § 2112(a)(1), DARE filed a protective petition for review in this Court on September 5, 2024. *See DARE v. FCC.*, No. 24-1814 (filed Sept. 5, 2024). The Criminal Justice Reform Clinic also filed a protective petition in the Ninth Circuit on September 5, 2024, and the Pennsylvania Prison Society filed a protective petition in the Third Circuit on September 4, 2024. *See Crim. Just. Reform Clinic v. FCC,* No. 24-5438 (9th Cir.

filed Sept. 5, 2024); *Penn. Prison Soc'y v. FCC*, No. 24-2647 (3d Cir. filed Sept. 4, 2024).

The FCC on September 16, 2024, filed a notice in the United States Judicial Panel on Multidistrict Litigation ("JPML"), forwarding the four petitions described above and identifying the petitions as those that had been received within the 10-day period pursuant to 28 U.S.C. § 2112(a). *See* Notice of Multicircuit Petitions for Review, *In re FCC, Incarcerated People's Commc'ns Servs., Implementation of the Martha Wright-Reed Act, FCC 24-75, Released July 22, 2024, 89 Fed. Reg. 68,369, Published on Aug. 26, 2024*, MCP No. 191 (J.P.M.L. Sept. 16, 2024), Dkt. No. 1.

On September 18, 2024, the JPML conducted a random selection pursuant to 28 U.S.C. § 2112(a)(1), which designated and consolidated the actions in this Circuit. *See* Consolidation Order, *In re FCC, Incarcerated People's Commc'ns Servs., Implementation of the Martha Wright-Reed Act, FCC 24-75, Released July 22, 2024, 89 Fed. Reg. 68,369, Published on Aug. 26, 2024*, MCP No. 191 (J.P.M.L. Sept. 18, 2024), Dkt. No. 3. That selection requires all "proceedings . . . instituted with respect to the" Order to be litigated in this Circuit. *See* 28 U.S.C. § 2112(a)(5).

On September 20, 2024, the balance of the Order, including the substantive provisions that the Public Interest Petitioners here challenge, was published in the Federal Register. *See generally* Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling

4

Services 89 Fed. Reg. 77,244 (Sept. 20, 2024). The Public Interest Petitioners each filed a supplemental petition in the Courts of Appeals in which they filed their first petitions. *See DARE v. FCC*, No. 24-1884 (1st Cir. filed Sept. 24, 2024); *Penn. Prison Soc'y v. FCC.*, No. 24-2798 (3d Cir. filed Sept. 25, 2024); *Crim. Just. Reform Clinic v. FCC*, No. 24-5895 (9th Cir. filed Sept. 26, 2024). Pursuant to the JPML's order, the Third and Ninth Circuits transferred Pennsylvania Prison Society's and Criminal Justice Reform Clinic's supplemental petitions to this Court. *See* Order, *Penn. Prison Soc'y v. FCC*, No. 24-2798 (3d Cir. Sept. 27, 2024), Dkt. No. 2; Order, *Crim Just. Reform Clinic v. FCC*, No. 24-5895 (9th Cir. Oct. 2, 2024), Dkt. No. 7.

Securus also filed a supplemental petition for review in the Fifth Circuit. *See Securus Techs., LLC v. FCC*, No. 24-60492 (5th Cir. filed Sept. 25, 2024). The FCC moved to transfer Securus's supplemental petition to the First Circuit, and Securus acquiesced to the transfer. *See* Unopposed Motion to Transfer Appeal to United States Court of Appeals for the First Circuit, *Securus Techs., LLC v. FCC*, No. 24-60492 (5th Cir. Sept. 30, 2024), Dkt. No. 8.

This action presently comprises the four petitions for review filed in connection with the August 26, 2024, publication of a portion of the Order, as well as three supplemental petitions for review filed in connection with the September 20, 2024, publication of the balance of the Order, two of which have been formally consolidated into the action. *See* Order of Court, *DARE v. FCC*, No. 24-1884 (Oct.

7, 2024); Order of Court, *Penn. Prison Soc'y v. FCC*, No. 24-1886 (Oct. 7, 2024). The action is slated to include Securus's petition for review filed in connection with the September 20, 2024, publication pending the Fifth Circuit's resolution of the FCC's unopposed motion to transfer.

Securus now moves this Court to transfer all petitions for review to the Fifth Circuit. Securus contends that it is the only party aggrieved by the portion of the Order published on August 26, 2024, such that its initial choice of venue should prevail over those of every other petitioner.

## ARGUMENT

This Court should deny Securus's transfer motion. "When considering a motion to transfer a multi-circuit petition, [courts] give considerable weight to [the] selection in the lottery." *In re MCP No. 185*, No. 24-7000, 2024 WL 3517673, at *1 (6th Cir. June 28, 2024). Because "[t]he fundamental burdens that arise from the place of . . . proceedings in the district court have few parallels in administrative review proceedings[,] . . . . there will seldom be much need for transfer" in cases like this. 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3944 (3d ed. June 2024 Update). Securus's motion does not grapple with these fundamental principles; it also defies Section 2112(a) and otherwise lacks merit.

## I. Securus's Argument is Contrary to the Text, Structure, and Purpose of Section 2112(a).

Securus's argument proceeds from a peculiar happenstance of the publication of the Order here under review—and it reduces to the untenable position that, because of that accident of publishing, Securus gets the sole say-so as to where all parties must litigate this case. Specifically, Securus suggests that it is the *only* petitioner able to avail itself of the judicial lottery because only its petition was the subject of the portion of the Order that was (by chance) published a few weeks early on August 26, 2024. The remaining substantive provisions of the Order, which Securus agrees should be governed by the same judicial lottery as the earlier-published portions, were later published on September 20, 2024. Because of the random order of Federal Register publication, Securus posits, it should be the only random selection entrant for all proceedings challenging the Order.

That cannot be correct. The judicial lottery and transfer provisions of Section 2112(a) are concerned with the "same order," not the same publication, and they contemplate a single judicial lottery with respect to the same order.[1] The August 26 and September 20 publications are clearly part of the same order—the unitary Order

---

[1] For this same reason, the cases on which Securus relies are inapposite. In *JL Simmons Co. v. NLRB*, the Seventh Circuit was concerned with whether the company was "aggrieved by the [NLRB's] order." 425 F.2d 52, 54 (7th Cir. 1970). And in *Liquor Salesmen's Union Local 2 of State of New York v. NLRB*, the D.C. Circuit considered "[e]ach and every aspect of the [NLRB's] order." 664 F.2d 1200, 1208 (D.C. Cir. 1981).

7

at issue—because they "arise from the 'same or interrelated proceedings,'" *BASF Wyandotte Corp. v. Costle*, 582 F.2d 108, 111 (1st Cir. 1978) (quoting *Pub. Serv. Comm'n v. FPC*, 472 F.2d 1270, 1272 (D.C. Cir. 1972)), and otherwise "represent the staggered implementation of a single, multi-faceted agency undertaking," *ACLU v. FCC*, 486 F.2d 411, 414 (D.C. Cir. 1973). Even though their "particular subject matter . . . is not the same," they "were issued during the course of the same proceeding" to implement the Martha Wright-Reed Act "and are to be reviewed on the same record made" in WC Docket Nos. 23-62 & 12-375. *Id.*; *see NRDC v. EPA*, 673 F.2d 392, 398–99 (D.C. Cir. 1980), *cert. denied*, 459 U.S. 879 (1982). Because Section 2112(a) provides just one lottery with respect to the Order, the Public Interest Petitioners' only opportunity to participate was through their protective petitions, which were triggered by Securus's petition stating that it was seeking review of the entire Order.

By seeking to leverage the random sequence of publication in this case, Securus's motion also undermines Congress's scheme, which it enacted to ensure "fairness to all concerned," *Costle*, 582 F.2d at 112, and to promise to any party aggrieved by an order a "procedure for preserving its choice of forum," *Remington Lodging & Hosp., LLC v. NLRB*, 747 F.3d 903, 905 (D.C. Cir. 2014). That is why Congress drafted Section 2112(a)(5) to provide for transfer following a judicial lottery only when "factors bearing on convenience in carrying on the litigation"

8

require such transfer, and to *disallow* alternative approaches that "take into account factors bearing on the merits of the agency action under review." *United Steelworkers of Am., AFL-CIO CLC v. Marshall*, 592 F.2d 693, 697 (3d Cir. 1979).

Case in point, Securus's motion is almost entirely devoted to arguing that its requests for waiver and clarification are not moot and that the remaining petitioners who filed in connection with the August 26 publication lack standing. But it is not clear that Securus itself has standing to challenge the FCC's denial of its requests for waiver and clarification. *See ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 285 (1987) (concluding motion for clarification could not be challenged where it sought "nothing more than specification, one way or the other, of what the original order meant with regard to" the rights at issue); *cf. City of Arlington v. FCC*, 668 F.3d 229, 238–39 (5th Cir. 2012), *aff'd*, 569 U.S. 290 (2013) ("The Reconsideration Order is not a reviewable order, however, because it merely denied rehearing of matters decided in the Declaratory Ruling. It contained no new or additional determinations."); *Beehive Tel. Co. v. FCC*, 180 F.3d 314, 321 (D.C. Cir. 1999) ("Where the Commission's formal disposition is to deny reconsideration, and where it makes no alteration in the underlying order, we will not undertake an inquiry into whether reconsideration 'in fact' occurred." (quoting *Bhd. of Locomotive Eng'rs*, 482 U.S. at 280)). Securus asks the Court to assess and weigh the respective degrees to which other petitioners are aggrieved while its own status as an aggrieved party

9

remains questionable. This is why Securus's argument is irrelevant to transfer, *see Marshall*, 592 F.2d at 697—it seeks to transform a "mechanical rule easy of application" designed "to avoid confusion" into an amorphous and ambiguous inquiry, *NLRB v. Bayside Enters., Inc.*, 514 F.2d 475, 476 (1st Cir. 1975).[2]

Securus's motion further ignores the reality that the Public Interest Petitioners had no choice but to file protective petitions because *Securus* stated in *its* petition that it was challenging the entire Order. *See* Pet. for Review at 1 & n.1, *Securus Techs., LLC v. FCC*, No. 24-60454 (5th Cir. Sept. 4, 2024), Dkt. No. 1 (citing and attaching full Order). And 28 U.S.C. § 2112(a)(3) further illustrates why the Public Interest Petitioners believed there was likely to be only one judicial lottery governing the litigation over the entire Order. That statutory provision requires that the FCC "shall file the record in the court of appeals designated pursuant to" the lottery. *Id.*

Courts have consistently rejected proposed "construction[s]" of the statute that "would result in two courts reviewing at least some portions of the same administrative record." *Bell Atl. Tel. Cos. v. FCC*, No. 96-1333, 1996 WL 734326, at *1 (D.C. Cir. Nov. 25, 1996) (collecting cases). As mentioned, here, there is one agency record, contained within the original ICPS docket number, WC Docket No. 12-375 (as well as its related docket opened to consider issues surrounding

---

[2] Even the case law on which Securus relies makes clear that "[c]ertainly it is inappropriate to compare the relative aggrievement of the union and the company, where both are substantial." *Liquor Salesmen's Union Local 2*, 664 F.2d at 1206.

10

implementation of the Martha Wright-Reed Act, WC Docket No. 23-62). That record cannot be easily cleaved into portions pertaining to Securus's requests for clarification, reconsideration, and waiver, and portions relevant to the balance of the Order; Securus filed its requests in WC Docket No. 12-375, and its submissions are intermingled with submissions addressing other issues. In view of the statute, as well as Securus' own representation, the Public Interest Petitioners filed to protect their rights to participate in the judicial lottery governing litigation over the Order.

Any theoretical issue Securus raises with the protective petitions, whether standing or ripeness, are irrelevant and moot. Because the Order has now been published in its entirety, there can be no question that the Public Interest Petitioners are aggrieved parties within the meaning of 28 U.S.C. § 2344, injured by the Order, and with a ripe claim to challenge it.[3]

## II. Transfer Would Not Promote the Convenience of the Parties or the Interest of Justice.

Beyond the motion's fundamental discordance with Section 2112(a) writ large, Securus's argument fails the specific statutory requirements for transfer contained in Section 2112(a)(5) and as interpreted by this Court. Section 2112(a)(5) permits transfer *only* "[f]or the convenience of the parties in the interest of justice."

---

[3] On October 3, 2024, this Court issued three Orders to Show Cause directing DARE, Pennsylvania Prison Society and Criminal Justice Reform Clinic to show cause why their petitions for review in Nos. 24-1814, 24-1859, 24-1861 should not be dismissed for lack of jurisdiction. They intend to respond by the October 17, 2024, deadline.

11

In so legislating, Congress provided for transfer in extremely limited circumstances: only "to compensate for any harshness that may result from" the random selection process; and to "enable [the] court to take whatever steps are necessary to [e]nsure judicial economy and fairness for all concerned." *Costle*, 582 F.2d at 108, 111. Securus cannot meet the demanding standard to transfer this action. Transfer advances neither interest the "convenience of the parties" nor "the interest of justice."

First, Securus's motion does not further the "convenience of the parties." Courts have emphasized that this standard aims to "balanc[e] . . . competing claims of convenience in the prompt disposition of the petitions." *Marshall*, 592 F.2d at 696–97. To rise to the level of necessitating transfer, a party must establish, *e.g.*, that "a hearing in [the assigned] court would impose an undue burden." *Ball v. NLRB*, 299 F.2d 683, 689 (4th Cir. 1962), *cert. denied*, 369 U.S. 838 (1962). Securus does not even attempt to make such a showing. And transfer would *in*convenience other parties to the litigation, who are already before this Court and prepared to litigate and whose petitions (including several supplemental petitions) have already been consolidated on a single docket. Without demonstrable convenience to the parties, Congress's interest "in the prompt disposition of the petitions" should carry the day and compel continued litigation of this action in the First Circuit.

Second, Securus's motion is not "in the interest of justice." Quite the opposite, courts have long recognized that "[t]he interest of justice favors retention of jurisdiction in the forum chosen by an aggrieved party where, as here, Congress has given him a choice." *Newsweek, Inc. v. U.S. Postal Serv.*, 652 F.2d 239, 243 (2d Cir. 1981). Consistent with 28 U.S.C. § 2344, DARE chose to file its petition in the First Circuit, and that choice was selected through the judicial lottery conducted pursuant to Section 2112(a)(5) as the venue in which the record was to be filed. As just discussed, the lottery imposed no particular inconvenience to Securus (nor the Criminal Justice Reform Clinic nor Pennsylvania Prison Society), and fairness requires respecting lottery results consistent with Congress's determination about how to establish venue when multiple parties are aggrieved by an order of the FCC.

In sum, the convenience of the parties, the interests of justice, and Congress's additional commitment to judicial economy and efficient resolution require respect for the results of the random selection. "[A]dhering to that random selection [also] dispels any impression that" the First Circuit is "less capable of evaluating the legal questions presented" than any other forum. *In re MCP No. 185*, 2024 WL 3517673, at *1.

## CONCLUSION

While it may be true that Section 2112(a) "would seem not to have been drafted in contemplation of the circumstances now before us," *ACLU*, 486 F.2d at

414, "the lottery system would not mean much if a party disappointed by the luck of the draw could transfer the case to its preferred forum." *In re MCP No. 185*, 2024 WL 3517673, at *1. The procedure Congress established has been followed, and it resulted in the selection of the First Circuit as "the sole forum for addressing challenges to the validity of the FCC's rules" here challenged. *GTE S., Inc. v. Morrison*, 199 F.3d 733, 743 (4th Cir. 1999).

If the Court concludes that the judicial lottery was procedurally deficient, then the solution consistent with the Public Interest Petitioners' procedural rights under the statute is for the JPML to hold a new lottery, not for the Court to transfer the entirety of these proceedings to the Fifth Circuit. Either way, this Court should reject Securus's attempt to throw out the fair result in favor of Securus' unilateral preference. Securus's motion to transfer should be denied.

Dated: October 7, 2024

/s/ *Andrew Jay Schwartzman*
Andrew Jay Schwartzman
525 Ninth Street, N.W.
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com

*Counsel for Pennsylvania Prison Society*

Respectfully submitted,

/s/ *Jessica Ring Amunson*
Jessica Ring Amunson
Jenner & Block LLP
1099 New York Ave, N.W. Suite 900
Washington, D.C. 20001
(202) 639-6000
jamunson@jenner.com

*Counsel for Direct Action for Rights and Equality*

/s/ *Amy E. Potter*
Amy E. Potter
Angeli Law Group, LLC
121 SW Morrison St, Suite 400
Portland, OR 97024
(971) 420-0228
amy@angelilaw.com

*Counsel for Criminal Justice Reform Clinic*

# CERTIFICATE OF COMPLIANCE

Under Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure, I certify this motion complies with the length limits set forth Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,333 words, as counted by Microsoft Word, excluding the items that may be exempted under Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in 14-point Times New Roman font.

/s/ *Jessica Ring Amunson*
Jessica Ring Amunson

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Jessica Ring Amunson*
Jessica Ring Amunson
