## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

| | |
|---|---|
| IN RE: MCP 191 | Nos. 24-8028, 24-____[1] |

### UNOPPOSED MOTION OF SECURUS TECHNOLOGIES, LLC
### TO FILE UNDER SEAL ITS MOTION FOR A STAY PENDING APPEAL

Pursuant to Circuit Rules 27 and 11(c), Petitioner Securus Technologies,

LLC ("Securus") requests leave to file under seal four documents containing

sensitive business information, which have been designated "confidential" under a

protective order the Federal Communications Commission ("FCC") entered in the

underlying proceeding,[2] where the information remains under seal. Securus is

authorized to state that Respondents the FCC and United States do not oppose the

relief requested in this motion.

---

[1] On October 10, 2024, the Fifth Circuit transferred to this Court, under 28 U.S.C. § 2112(a)(5), Securus' petition for review of the rules the FCC adopted in the Order. *See* Order, *Securus Techs., LLC v. FCC, et al.*, No. 24-60492 (5th Cir. Oct. 10, 2024). That petition will be, but has not yet been, docketed and consolidated with No. 24-8028. Because the Fifth Circuit's order also dismissed without prejudice Securus's October 3, 2024 under seal motion for a stay pending appeal — and the FCC's rules are scheduled to take effect in less than six weeks — Securus is re-filing its stay motion under seal before the docketing in this Court of that petition.

[2] *See* Protective Order, *Incarcerated People's Communications Services*, 38 FCC Rcd 2498 (Wireline Comp. Bur. rel. Apr. 5, 2023) ("*2023 IPCS Protective Order*").

The first two documents that Securus moves to file under seal are its Motion to Stay the FCC's Order Pending Appeal (Attachment 1) and the supporting Declaration of Alex Dougherty (Attachment 2). The Declaration of Alex Dougherty discusses Securus' cost data, revenues, and internal business practices. Securus designated this document "confidential" under the *2023 IPCS Protective Order* and filed this document under seal before the FCC. The portions of its motion that Securus seeks to file under seal discuss the confidential information in the Dougherty Declaration. Securus designated this same information "confidential" under the *2023 IPCS Protective Order* when it filed its motion to stay before the FCC, and that motion is filed under seal. Confidential information is identified using double underlines.

The other two documents Securus moves to file under seal are the non-public version of the FCC's challenged Order (Attachment 3) and the non-public version of the FCC's Denial of Securus' Petition to Stay (Attachment 4). These two FCC documents contain non-public data related to costs, revenues, and business practices throughout the Incarcerated People's Communications Services ("IPCS") industry, including Securus', which those parties filed under seal before the FCC. The FCC designated both Orders as "confidential" under the *2023 IPCS Protective Order.*

2

Courts have recognized that sealing is appropriate under these circumstances, when the release of the non-public business information "might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also, e.g., Alchem USA Inc. v. Cage*, 2022 WL 3043153, at *3 (3d Cir. Aug. 2022) (holding that district court abused its discretion in failing to seal documents that contained "confidential business information"); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (observing that "sealing may be appropriate" for materials that "incorporate confidential business information").

Given that these filings contain confidential information under seal in the underlying administrative proceedings, and that making this information public would harm Securus' competitive standing and also contravene the *2023 IPCS Protective Order*, Securus moves to file these materials under seal in this Court.

In sum, the Court should permit Securus to file the following attachments under seal:

1. Motion of Securus Technologies, LLC for Stay Pending Judicial Review (Attachment 1).

2. Declaration of Alex Dougherty in Support of Securus Technologies, LLC's Motion for Stay Pending Appeal (Attachment 2).

3. Report and Order, Order on Reconsideration, Clarification and Waiver, and Further Notice of Proposed Rulemaking, *Incarcerated People's Communications Services*, WC Docket Nos. 23-62, 12-375, FCC 24-75 (rel. July 22, 2024; modif. Aug. 26, 2024) (Attachment 3).

3

4.   Order Denying Stay Petition, *Incarcerated People's Communications Services*, WC Docket Nos. 23-62, 12-375, DA 24-1031 (rel. Oct. 2, 2024) (Attachment 4).

Securus has also filed redacted versions of these exhibits on the public

docket.

Respectfully submitted,

Michael H. Pryor
BROWNSTEIN HYATT FARBER
 SCHRECK, LLP
1155 F Street, N.W., Suite 1200
Washington, D.C. 20004
(202) 389-4706
mpryor@bhfs.com

/s/ *Scott H. Angstreich*
Scott H. Angstreich
Justin B. Berg
Jordan R.G. González
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
sangstreich@kellogghansen.com
jberg@kellogghansen.com
jgonzalez@kellogghansen.com

*Counsel for Securus Technologies, LLC*

October 11, 2024

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Federal Rule of Appellate Procedure 32(g), that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the portions of the motion exempted by Federal Rules of Appellate Procedure 27(d)(2) and 32(f), the motion contains 554 words.

I further certify that this motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared using Microsoft Word in a proportionally spaced typeface (Times New Roman, 14 point).

/s/ *Scott H. Angstreich*
Scott H. Angstreich

*Counsel for Securus Technologies, LLC*

October 11, 2024

## CERTIFICATE OF SERVICE

I hereby certify that, on October 11, 2024, I caused the foregoing to be served via electronic mail on counsel of record for Respondents and counsel of record for parties that have filed motions for leave to intervene who have signed the Protective Order Acknowledgement *2023 IPCS Protective Order.* I further certify that, on October 11, 2024, I caused the foregoing to be delivered via courier to the Clerk's Office for the United States Court of Appeals for the First Circuit, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2500, Boston, MA 02210.

/s/ *Scott H. Angstreich*
Scott H. Angstreich

*Counsel for Securus Technologies, LLC*