# Before the
## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

| | |
|---|---|
| Securus Technologies, LLC, | ) |
|     Petitioner, | ) |
|     v. | ) |
| Federal Communications Commission | )    No. 24-1860 |
|     and the | ) |
| United States of America, | ) |
|     Respondents. | ) |

## UNOPPOSED MOTION TO INTERVENE
## IN SUPPORT OF RESPONDENTS

Pursuant to 28 U.S.C. §2348 and Federal Rule of Appellate Procedure 15(d), the Pennsylvania Prison Socity ("PPS" or "Society") moves to intervene in support of Respondents in Docket Numbers Nos. 24-1860. Counsel for Petitioner and Respondents have stated that they consent to the grant of this motion.

The petition for review before the Court seeks review of portions of the FCC's decision in *Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act, Rates for Interstate Inmate Calling Services, Report and Order, Order on Reconsideration, Clarification and Waiver, and Further Notice of Proposed Rulemaking*, Docket No. 12-375 and Docket No. 23-62 (released July 22, 2024).

This motion is timely because it is being filed within 30 days of the docketing of this and thus is within the 30-day time period set out in Federal Rule of Appellate

Procedure 15(d). PPS meets the statutory requirements to intervene as a matter of right under 28 U.S.C. §2348.¹ PPS participated in the proceedings below, and is a party in interest that will be affected by the *Order*.

PPS is a non-profit corporation operating pursuant to Section 501(c)(3) of the Internal Revenue Code. It was founded in 1787 by this country's founding fathers out of the notion that even though a person is incarcerated they still deserve the same dignity and respect that every person deserves.² The Society enjoys statutory access to correctional facilities across the commonwealth where it is able to monitor prison conditions, interview residents about conditions and work to keep families together during incarceration. In addition, the Society focuses on legislative measures related to these conditions and works with key stakeholders on strategies to address them.

The Society maintains a helpline through which people incarcerated in Pennsylvania can report issues. The vast majority of calls to the Society's helpline, as well as from resident interviews, implicate serious conditions, including poor or substandard health care and failures to provide assistive devices and aids. The Society resolves many of these reports administratively by working directly with jail

---

¹*See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997),
²*See Pennsylvania Prison Society v. Cortes*, 622 F.3d 215, 229 (3d Cir. 2010).

and prison officials.  The Society also utilizes these reports in its broader work to improve conditions in facilities wholesale.  Legislators, advocates, and other interested parties work directly with the Society on these broader reform efforts.  For these reasons, it is imperative that incarcerated people and their loved ones have low-cost and unimpeded access to the Society's helpline.

PPS' mission is to protect the health, safety, and dignity of incarcerated people and their families.  The ability to have contact, to have a family relationship is central to the dignity of incarcerated people and their families.  Excessive phone rates impede those relationships and thereby impair PPS' mission.

PPS will be injured if a reviewing court were to allow providers to employ so-called "alternative pricing" rather than per minute pricing for IPCS services, to allow changes in the treatment of so-called "commissions," or otherwise permit rates in excess of that set forth in the rules adopted in the *Order*, as would happen were this Court to grant the petition for peview in No. 24-1860.  Excessive phone call rates historically impeded PPS' access to incarcerated persons, including by increasing the cost for incarcerated people to call PPS, and the cost PPS has had to pay when accepting collect phone calls from incarcerated persons.  Sometimes, incarcerated people cannot afford to call the Society's helpline and must instead resort to mail or other, slower forms of communication.  Similarly, family members and friends often

cannot afford to speak with their incarcerated

PPS's interests cannot be adequately represented by the governmental Respondents. As regulators, they must sometimes balance competing interests and thus may not always have PPS' best interests in the forefront. Moreover, Respondents are unable to articulate fully the unique experiences and perspective that PPS has acquired in almost two and a half centuries of service to incarcerated persons and other residents of the Commonwealth of Pennsylvania.

Accordingly, PPS respectfully asks that the Court grant this motion to intervene in support of Respondents and grant all such other relief as may be just and proper.

Respectfully submitted,

/s/ Andrew Jay Schwartzman

Andrew Jay Schwartzman
525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com

Counsel for Pennsylvania Prison Society

October 4, 2024

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Unopposed Motion to Intervene in Support of Respondents complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 705 words. I further certify that this Motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Corel WordPerfect in Times New Roman 14-point font.

    Respectfully submitted,

    /s/ Andrew Jay Schwartzman

    Andrew Jay Schwartzman
    525 Ninth Street, NW
    Seventh Floor
    Washington, DC 20004
    (202) 241-2408
    AndySchwartzman@gmail.com

October 4, 2024

# CERTIFICATE OF SERVICE

I certify that on this 4th day of October, 2024, I electronically filed the foregoing Unopposed Motion to Intervene in Support of Respondents with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the Court's appellate CM/ECF system. I further certify that service was accomplished on all participants in the case via the Court's CM/ECF system.

Respectfully submitted,

/s/ Andrew Jay Schwartzman

525 Ninth Street, NW
Seventh Floor
Washington, DC 20004
(202) 241-2408
AndySchwartzman@gmail.com