IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

SECURUS TECHNOLOGIES, LLC,

*Petitioner,*

V.                                                              No. 24-1860

FEDERAL COMMINCATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents.*

**UNOPPOSED MOTION TO INTERVENE
IN SUPPORT OF RESPONDENTS**

Pursuant to 28 U.S.C. § 2348 and Rule 15(d) of the Federal Rules of Appellate Procedure, the Criminal Justice Reform Clinic ("CJRC"), a petitioner and participant in the proceedings below, respectfully moves for leave to intervene as of right in support of the Federal Communications Commission ("FCC"), Respondents in the above-captioned case and any other cases which these cases have or may hereafter be consolidated. Counsel for Petitioner and Respondents state that it will not oppose the intervention.

CJRC has appeared throughout the proceedings below and before this Court and is a party in interest that will be affected by the *Order*. Petitioner Securus Technologies, LLC ("Securus") seeks review of the FCC's Order in the matter of

1

the *Incarcerated People's Communication Services; Implementation of the Martha Wright-Reed Act: Rates for Interstate Inmate Calling Services, Report and Order, Order on Reconsideration, Clarification and Waiver, and Further Notice of Proposed Rulemaking*, Docket No. 12-375 and Docket No. 23-62 (released July 22, 2024).

CJRC and the people it represents and on whose behalf it is acting will directly benefit from portions of the FCC's decision above as it will decrease the cost of Incarcerated People's Communication Services ("IPCS"). Petitioner now seeks review of the FCC's Order on various grounds, including that they were injured by the new FCC's refusal to waive its per-minute pricing rule and clarification on rules governing IPCS commissions (Mot. to Transfer, at 5, *In Re: MCP 191*, No. 24-8028 (1st Cir. Sept. 27, 2024)). The per-minute pricing and federal commission rates directly impact prison phone call rates which CJRC maintains a tangible interest in, any changes to these regulations will materially impact CJRC and its clients.

CJRC regularly represents adults in custody in Oregon's 12 prisons throughout the state. CJRC students and staff speak with incarcerated clients in clemency and parole matters, incarcerated youth in matters involving court access, and collaborators on legislative projects. CJRC relies on IPCS daily to serve its clients in pursuit of these goals. CJRC also provides legal information and

2

navigation to hundreds of adults in custody, many of whom are incarcerated over 200 miles away from CJRC and do not have viable legal alternatives. Furthermore, the prohibitive cost barrier for incarcerated family communications causes CJRC to take on a role as an intermediary between incarcerated individuals and their loved ones. This additional burden strains CJRC's already limited time and resources and hinders its ability to provide services to its clients and the incarcerated community at large. Through its rate-setting and commission regulation activities, the Commission directly impacts CJRC's ability to effectively represent its clients and provide assistance to inquirers.

CJRC represents incarcerated individuals and relies on IPCS for communication between incarcerated individuals, their families, and community members. The challenges brought by petitioner regarding the FCC Order will, if successful, perpetuate high prison phone costs and burden these consumers, their families, and CJRC causing financial, social, and rehabilitative harms. CJRC's interest cannot be adequately represented by the Governmental Respondents. Respondents are unable to fully advocate for the unique and complex harms that CJRC and its clients have suffered and may not sufficiently prioritize the interests of CJRC.

Accordingly, CJRC respectfully requests that this Court grant its motion for leave to intervene in the above-captioned cases and any other cases with which

these cases have been or may hereafter be consolidated and grant all other relief as may be just and proper.

## CONCLUSION

CJRC's motion for leave to intervene should be granted.

Dated: October 5, 2024

Respectfully submitted,
s/ Amy E. Potter
AMY E. POTTER, OSB No. 231794
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204

s/ Aliza Kaplan
Criminal Justice Reform Clinic
10101 S. Terwilliger Blvd.
Portland, Oregon 97219 USA
503-768-6600
akaplan@lclark.edu

*Counsel for Intervenor*
*Criminal Justice Reform Clinic*

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, the Criminal Justice Reform Clinic (CJRC), an assumed business name of Lewis & Clark College, respectfully states it is a non-profit organization with no parent companies, subsidiaries or affiliates and that none of them have issued shares to the public.

CJRC is a law school clinic that represents and advocates for incarcerated individuals in the back end of the criminal legal system.

Dated: October 5, 2024

    Respectfully submitted,

    *s/ Amy E. Potter*
    AMY E. POTTER, OSB No. 231794
    Angeli Law Group LLC
    121 SW Morrison Street, Suite 400
    Portland, Oregon 97204

    *s/ Aliza Kaplan*
    Criminal Justice Reform Clinic
    10101 S. Terwilliger Blvd.
    Portland, Oregon 97219 USA
    503-768-6600
    akaplan@lclark.edu

    *Counsel for Intervenor*
    *Criminal Justice Reform Clinic*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Unopposed Motion to Intervene complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 584 words. I further certify that this Motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: October 5, 2024

    Respectfully submitted,

    *s/ Amy E. Potter*
    AMY E. POTTER, OSB No. 231794
    Angeli Law Group LLC
    121 SW Morrison Street, Suite 400
    Portland, Oregon 97204

    *Counsel for Intervenor*
    *Criminal Justice Reform Clinic*

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October 2024, I electronically filed the foregoing Unopposed Motion for Leave to Intervene with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the Court's appellate CM/ECF system. I further certify that service was accomplished on all participants in the case via the Court's CM/ECF system.

Dated: October 5, 2024

*s/ Amy E. Potter*
AMY E. POTTER, OSB No. 231794
Angeli Law Group LLC
121 SW Morrison Street, Suite 400
Portland, Oregon 97204

*Counsel for Intervenor*
*Criminal Justice Reform Clinic*
