IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT
No. 24-8028, No. 24-1969

| | |
|---|---|
| PAY TEL COMMUNICATIONS, INC.,<br><br>*Petitioner,*<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA,<br><br>*Respondents.* | **UNOPPOSED MOTION OF PAY TEL COMMUNICATIONS, INC. TO FILE UNDER SEAL** |

Petitioner Pay Tel Communications, Inc. ("Pay Tel") respectfully moves this Court, pursuant to Federal Rules of Appellate Procedure 11 and 27, and First Circuit Local Rules 11, 25, and 27, for leave to file under seal four documents containing sensitive, non-public business information, which has been designated "confidential" and sealed under a protective order entered by the Federal Communications Commission ("FCC") in the underlying proceeding.[1]

Pay Tel further requests that the unredacted version of its Motion for Stay Pending Judicial Review, and all exhibits thereto (the "Stay Motion")

---

[1] *See* Protective Order, *In re Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services*, WC Docket Nos. 23-62, 12-375, DA 23-298 (rel. Apr. 5, 2023) (the "2023 IPCS Protective Order").

(Attachment 1) be accepted provisionally under seal, subject to the Court's subsequent ruling on this Motion, as provided in First Circuit Local Rule 11.0(c)(2). A redacted, public version of the Stay Motion was filed electronically via CM/ECF on October 25, 2024.

Pay Tel has conferred with Respondents FCC and United States and is authorized to state that they do not oppose the relief requested herein.

In support of this Motion, Pay Tel shows the Court the following:

1. Pay Tel is a provider of IPCS—i.e., audio and video communications service to inmates in confinement facilities, provided under contracts issued by the operators of these facilities. In this appeal, Pay Tel challenges the lawfulness of the Final Rules promulgated in the Order which, *inter alia*, sets rate caps below cost for one-third of IPCS providers studied by the FCC, rejects cost recovery for the majority of IPCS safety and security features required by correctional facilities, and effectively requires IPCS providers to negotiate reimbursement payments to facilities for facility IPCS costs, despite excluding facility costs from the lower bounds of its rate cap calculations and explicitly prohibiting "site commission" payments to facilities.

## THE CONFIDENTIAL DOCUMENTS

2. The four documents Pay Tel seeks to file under seal (the "Confidential Documents") are:

2

    a. An unredacted version of its Motion for Stay Pending Judicial Review (the "Stay Motion") (Attachment 1);

    b. The non-public version of the FCC's challenged Order (Exhibit A to Attachment 1);

    c. An unredacted version of the supporting declaration of Don J. Wood (the "Wood Declaration") (Exhibit B-2 to Attachment 1); and

    d. An unredacted version of the FCC's Order Denying Stay Petition (Exhibit D-2 to Attachment 1).

3. The portions of the Stay Motion that Pay Tel seeks to file under seal discuss the confidential information in the Wood Declaration and the Order, including detailing and substantiating the irreparable financial harm Pay Tel will suffer absent a stay of the Order.

4. The Wood Declaration contains Pay Tel's confidential financial information, including revenues, profit and loss data and calculations, as well as an analysis of the Order's impacts on Pay Tel's competitive business operations. Pay Tel designated this same information "confidential" under the 2023 IPCS Protective Order when it filed its motion to stay before the FCC, and that motion was filed under seal.

5. The Order contains confidential financial information and competitive business information of Pay Tel and other IPCS providers, including non-public

3

data related to costs, revenues, and business practices throughout the IPCS industry. The FCC designated the Order as "confidential" under the 2023 IPCS Protective Order.

## THE DOCUMENTS SHOULD BE RETAINED UNDER SEAL

6. Sealing is appropriate for documents that contain, as here, non-public "business information that might harm a litigant's competitive standing." *See In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (*quoting Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) ("'Though the public's right of access is vibrant, it is not unfettered.' . . . [A] court must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case . . . .")).

7. Pay Tel only seeks to seal the minimum information necessary to protect its competitive business interests. Pay Tel has electronically filed redacted, public versions of the Confidential Documents in the Court's public docket, affording public access to the majority of the Confidential Documents.

8. Because the Confidential Documents contain information designated as "confidential" subject to a protective order and filed under seal in the underlying administrative proceeding, and given that making this information public would harm Pay Tel's competitive standing, Pay Tel's interest in protecting the

Confidential Documents heavily outweighs the public's common-law right of access to the information.

## CONCLUSION

WHEREFORE, Petitioner Pay Tel Communications, Inc. respectfully requests that the Court grant the Motion and permit Pay Tel to file the Confidential Documents under seal.

Dated:  October 25, 2024

Respectfully submitted,

*/s/ Marcus W. Trathen*
Marcus W. Trathen
Amanda S. Hawkins
Christopher B. Dodd
BROOKS, PIERCE, MCLENDON,
 HUMPHREY & LEONARD L.L.P.
1700 Wells Fargo Capitol Center
150 Fayetteville Street (27601)
Post Office Box 1800
Raleigh, NC  27602
Telephone:  (919) 839-0300

*Counsel for Petitioner*
*Pay Tel Communications, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d) and 32(g), the undersigned hereby certifies that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A).

1. Exclusive of the accompanying documents as authorized by Fed. R. App. P. 27(a)(2)(B) and the exempted portions of the motion as provided by Fed. R. App. P. 27(d)(2) and 32(f), the motion contains 799 words.

2. The motion has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font as provided by Fed. R. App. P. 32(a)(5)-(6). As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

October 25, 2024

/s/ *Amanda S. Hawkins*
Amanda S. Hawkins

## CERTIFICATE OF SERVICE

I certify that on October 25, 2025, I caused a physical copy of this Motion to be delivered via U.S. Mail to the Clerk's Office Clerk's Office for the United States Court of Appeals for the First Circuit, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2500, Boston, MA 02210.

I further certify that on October 25, 2024 I caused a physical copy of this Motion to be served on the following parties or their counsel of record by U.S. mail:

>P. Michele Ellison
>General Counsel
>Federal Communications Commission
>445 12th Street, S.W.
>Washington, D.C. 20554
>fcclitigation@fcc.gov
>
>Merrick Garland
>Attorney General of the United States
>United States Department of Justice
>950 Pennsylvania Avenue, N.W.
>Washington, D.C. 20530-0001

>/s/ *Amanda S. Hawkins*
>Amanda S. Hawkins

October 25, 2024



WELLS FARGO CAPITOL CENTER
150 FAYETTEVILLE STREET, SUITE 1700
RALEIGH, NC 27601

T 919.839.0300
F 919.839.0304
WWW.BROOKSPIERCE.COM

October 25, 2024



**VIA U.S. MAIL**

U.S. Court of the First Circuit
c/o Anastasia Dubrovsky, Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re:   *Pay Tel Communications, Inc. v. Federal Communications Commission*, No. 24-8028, No. 24-1969 (1st Cir.)

Dear Ms. Dubrovsky:

On behalf of Pay Tel Communications, Inc. ("Pay Tel"), and pursuant to Local Rules 11, 25, and 27, please find enclosed for filing our Unopposed Motion to Seal, which asks the Court to seal Pay Tel's Motion to Stay.

Should you have any questions, please do not hesitate to contact our office.

Sincerely,

*Amanda S. Hawkins*

Amanda S. Hawkins

cc: Counsel for all parties

Writer's Direct Dial: 919-573-6216      Fax 336-232-9137      Email: ahawkins@brookspierce.com
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
Attorneys and Counsellors at Law

**UNITED STATES POSTAL SERVICE®** | **PRIORITY MAIL**

**PRIORITY ★ MAIL ★**

FROM:

**BROOKS PIERCE**
FOUNDED 1897
1700 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601

TO:

U.S. Court of the First Circuit
c/o Anastasia Dubrovsky, Clerk of Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

USPS TRACKING #
9114 9999 4423 8019 2761 00