# United States Court of Appeals
## For the First Circuit
_____

No. 24-8028

In Re:  MCP 191
_____

No. 24-1927

SECURUS TECHNOLOGIES, LLC,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON
SOCIETY; CRIMINAL JUSTICE REFORM CLINIC; OFFICE OF COMMUNICATION OF
THE UNITED CHURCH OF CHRIST, INC.,

Intervenors.
_____

Before

Barron, <u>Chief Judge</u>,
Gelpí and Aframe, <u>Circuit Judges</u>.
_____

**ORDER OF COURT**

Entered: November 18, 2024

The above-captioned proceedings concern petitions for review of agency action by the
Federal Communications Commission ("FCC"). Petitioner Securus Technologies, LLC
("Securus"), has filed in Appeals 24-8028 and 24-1927 a motion for stay pending judicial review.
The motion has seen full briefing, and we have considered all relevant papers, including the
responses filed by organizations the court has permitted to intervene.

To start, we address procedural matters. There are two pending unopposed motions to file
under seal the unredacted versions of oppositions to the stay motion: one filed by respondent FCC,
and the other filed by intervenor Direct Action for Rights and Equality. Also pending is Securus'

unopposed motion to file under seal the unredacted version of its reply in support of its motion for stay. These three motions to file under seal are <u>granted</u>, and the tendered unredacted versions of the filings are accepted for filing under seal.

We turn now to the merits of Securus' motion for stay. When resolving a request for a stay pending judicial review of agency action, the court considers the four traditional stay factors. <u>See</u> <u>Ohio</u> v. <u>Env't Prot. Agency</u>, 144 S. Ct. 2040, 2052 (2024). Thus, this court considers "(1) whether the applicant is likely to succeed on the merits, (2) whether it will suffer irreparable injury without a stay, (3) whether the stay will substantially injure the other parties interested in the proceedings, and (4) where the public interest lies." <u>Id.</u> The burden to demonstrate that stay relief is in order resides with the party seeking a stay. <u>Nken</u> v. <u>Holder</u>, 556 U.S. 418, 433-34 (2009) ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").

Having carefully reviewed the specific arguments Securus offers in favor of a stay, the motion is hereby <u>denied</u>, without prejudice to later revisitation of relevant points in briefing and during merits review.

Within the stay motion, Securus also requests that briefing be expedited. That request will be addressed by separate order.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Jessica Ring Amunson, Jacob Matthew Lewis, Matthew J. Dunne, P. Michele Ellison, Merrick B. Garland, Sarah E. Citrin, Robert B. Nicholson, Robert J. Wiggers, Amy Elizabeth Potter, Aliza Kaplan, Scott H. Angstreich, Michael H. Pryor, Justin B. Berg, Jordan Reinold Garcia Gonzalez, Andrew Schwartzman, Elizabeth B. Murrill, J. Benjamin Aginaga, Kelsey L. Smith, Justin L. Matheny, Lynn Fitch, Erik Stallman, Cheryl A. Leanza, Lanora Christine Pettit, Kenneth Paxton Jr., Brent Webster, Amanda Hawkins, Marcus Trathen, Christopher B. Dodd, Joshua J David, Nicholas J. Bronni, David Andrew Bydalek, Dylan L. Jacobs, Edmund G. LaCour, Henry Charles Whitaker, Stephen John Petrany, Alan M. Hurst, Sean M. Corkery, Eric H. Wessan, Dominic X. Barceleau, Joshua Divine, T. Elliot Gaiser, Mathura Sridharan, Joseph David Spate, Ryan McFall, Whitney D. Hermandorfer, Stanford Purser, Kevin Michael Gallagher, Landis C. Best, Cherie R. Kiser, Angela F. Collins, Craig E. Frosch, Shannon Dirmann, Mary Erlington