# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | |
|---|---|
| IN RE: MCP 191 | No. 24-8028 |
| DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.,<br>*Petitioner*,<br>v.<br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,<br>*Respondents*,<br>SECURUS TECHNOLOGIES, LLC,<br>*Intervenor (No. 24-1884).* | Nos. 24-1814<br>& 24-1884 |
| CRIMINAL JUSTICE REFORM CLINIC,<br>*Petitioner*,<br>v.<br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,<br>*Respondents*,<br>SECURUS TECHNOLOGIES, LLC,<br>*Intervenor (No. 24-1992).* | Nos. 24-1859<br>& 24-1922 |

|   |   |
|---|---|
| SECURUS TECHNOLOGIES, LLC, *Petitioner*, GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES, *Intervenor*, v. FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; CRIMINAL JUSTICE REFORM CLINIC; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC., *Intervenors.* | Nos. 24-1860 & 24-1927 |
| PENNSYLVANIA PRISON SOCIETY, *Petitioner*, v. FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, SECURUS TECHNOLOGIES, LLC, *Intervenor (No. 24-1886).* | Nos. 24-1861 & 24-1886 |

|  |  |
|---|---|
| PAY TEL COMMUNICATIONS, INC., *Petitioner*, GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES, *Intervenor*, v. FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC., *Intervenors*. | No. 24-1969 |
| STATE OF INDIANA; STATE OF ARKANSAS; STATE OF ALABAMA; STATE OF FLORIDA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF IOWA; STATE OF MISSOURI; STATE OF OHIO; STATE OF SOUTH CAROLINA; STATE OF SOUTH DAKOTA; STATE OF TENNESSEE; STATE OF UTAH; STATE OF VIRGINIA, *Petitioners*, GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES, *Intervenor*, v. FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC., *Intervenors*. | No. 24-2013 |

|  |  |
|---|---|
| STATE OF LOUISIANA; STATE OF MISSISSIPPI; STATE OF TEXAS; SHERIFF SID GAUTREAUX; SHERIFF BOBBY WEBRE; SHERIFF MARK WOOD; SHERIFF KEVIN COBB; LOUISIANA SHERIFFS' ASSOCIATION, <br> *Petitioners*, <br> GLOBAL TEL\*LINK d/b/a VIAPATH TECHNOLOGIES; NATIONAL SHERIFFS' ASSOCIATION, <br> *Intervenors*, <br> v. <br> FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, <br> *Respondents*, <br> DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC., <br> *Intervenors*. | No. 24-2061 |

**REPLY IN SUPPORT OF RESPONDENT FEDERAL COMMUNICATIONS COMMISSION'S MOTION TO POSTPONE ORAL ARGUMENT**

This Court ordered the Federal Communications Commission (Commission) to inform it "of any events or changes in circumstance capable of mooting these matters to any degree." *Order* at 5 (July 16, 2025) (Entry ID 6736154). Such an event will happen less than a month after oral argument (as currently scheduled). In light of these changed circumstances, the Court should postpone oral argument.

On October 28, 2025, we expect the Commission to vote on an order that would moot a substantial portion of this litigation. We anticipate that order will

propose two actions: (1) a joint report and order and order on reconsideration and (2) a further notice of proposed rulemaking. The first would not be a mere proposal that would take months to finalize through a new final rule. Rather, if adopted, the Commission would dictate the effective date of that action (subject to any required approvals). The opposition (Entry ID 6748856) tries to sow doubt about the looming agency action and aims to downplay its effect, but there's no avoiding this: if the oral argument goes forward on October 7, 2025, both the Court and the parties will use resources to prepare and ultimately discuss issues that we expect will soon be moot.

*First*, the opposition claims (at 2) the argument should go forward as scheduled because the "the primary petition for reconsideration currently pending before the Commission raises only a subset of issues at play." What the opposition leaves out, however, is that all of those issues affect the methodology that the Commission used to calculate rate caps. Changes to the methodology, in turn, could change the rate caps themselves. The agency's methodology and rate caps are the very things at issue in this litigation. Beyond that, the opposition ignores that the *Order* itself included a further notice of proposed rulemaking. The Commission is thus not limited to the issues raised in the pending petition for reconsideration, and we expect the upcoming agency action to extend beyond those

issues. Rather than moving forward on ground that is about to shift, the Court should postpone argument until after there is clarity on these fundamental issues.

*Second*, the opposition argues (at 2) that it is too late to postpone because there is a lot of water under the bridge. The Court should avoid this sunk cost fallacy. It is not an efficient use of finite time and resources to prepare for and hear oral argument on issues that will soon be moot. Nor is there any urgency that would justify devoting resources to such issues. After all, the *Order*'s rate cap, site commission, and per-minute pricing rules are not even in effect. Taken together, there's no reason to move forward with the argument just weeks before the Commission takes action.

*Third*, the opposition (at 3) urges the Court to press on because the case deals with a new statute that would benefit from judicial review. That logic would apply to any recently enacted statute, and it can't overcome Article III's basic requirements. *See, e.g.*, *Efreom v. McKee*, 46 F.4th 9, 22 (1st Cir. 2022) ("If events have transpired to render a court opinion merely advisory, Article III considerations require dismissal of the case." (citation omitted)). Nor does the opposition point to any confusion the *Order* has generated that would benefit from

immediate judicial review. There is thus no need to hear argument just weeks before the Commission takes action that will significantly affect the litigation.¹

**CONCLUSION**

The Court should postpone oral argument in this case and decide after the Commission takes action at its October 28 Open Meeting how to proceed.

---

¹ The opposition suggests (at 3) that the draft order could change after it is circulated within the Commission and before the full Commission votes. But that is just another reason why the Court should postpone oral argument until after the Commission's October 28 Open Meeting, when there will be more certainty on how this action affects the litigation.

Separately, the opposition (at 3) accuses the Commission of using "continued gymnastics to avoid judicial review." But the Commission is only asking the Court to postpone oral argument until after the agency takes action that will significantly affect this case. That is not gymnastics or avoidance—it's prudence. *Cf.* Order, *Securus Techs., Inc. v. FCC*, No. 13-1280 (D.C. Cir. Dec. 16, 2024 (per curiam) (granting uncontested abeyance motion pending the issuance of final rules and "remov[ing] these cases from the February 6, 2015 oral argument calendar").

4

September 7, 2025                   Respectfully submitted,

*/s/ Bradley Craigmyle*

Bradley Craigmyle
*Deputy General Counsel*

FEDERAL COMMUNICATIONS
COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

*Counsel for Respondent Federal
Communications Commission*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    ☒ this document contains <u>745</u> words, *or*

    ☐ this document uses a monospaced typeface and contains _ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word in Office 365</u> in <u>14-point Times New Roman</u>, *or*

    ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

<u>/s/ Bradley Craigmyle</u>

Bradley Craigmyle
*Deputy General Counsel*

FEDERAL COMMUNICATIONS
COMMISSION
Washington, D.C. 20554
(202) 418-1740