# United States Court of Appeals
## For the First Circuit

---

No. 24-8028

IN RE: MCP 191

---

Nos. 24-1814, 24-1884

DIRECT ACTION FOR RIGHTS AND EQUALITY,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

SECURUS TECHNOLOGIES, LLC,

Intervenor.

---

Nos. 24-1859, 24-1922

CRIMINAL JUSTICE REFORM CLINIC,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

SECURUS TECHNOLOGIES, LLC,

Intervenor.

---

Nos. 24-1860, 24-1927

SECURUS TECHNOLOGIES, LLC,

Petitioner,

GLOBAL TEL*LINK, d/b/a ViaPath Technologies,

Intervenor,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

DIRECT ACTION FOR RIGHTS AND EQUALITY; PENNSYLVANIA PRISON
SOCIETY; CRIMINAL JUSTICE REFORM CLINIC; OFFICE OF COMMUNICATION
OF THE UNITED CHURCH OF CHRIST, INC.,

Intervenors.

———————————

Nos. 24-1861, 24-1886

PENNSYLVANIA PRISON SOCIETY,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

SECURUS TECHNOLOGIES, LLC,

Intervenor.

———————————

No. 24-1969

PAY TEL COMMUNICATIONS, INC.,

Petitioner,

GLOBAL TEL*LINK, d/b/a ViaPath Technologies,
Intervenor,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

DIRECT ACTION FOR RIGHTS AND EQUALITY; PENNSYLVANIA PRISON
SOCIETY; CRIMINAL JUSTICE REFORM CLINIC; OFFICE OF COMMUNICATION
OF THE UNITED CHURCH OF CHRIST, INC.,

Intervenors.

————————————

No. 24-2013

STATE OF INDIANA; STATE OF ARKANSAS; STATE OF ALABAMA; STATE OF
FLORIDA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF IOWA; STATE
OF MISSOURI; STATE OF OHIO; STATE OF SOUTH CAROLINA; STATE OF
SOUTH DAKOTA; STATE OF TENNESSEE; STATE OF UTAH; STATE OF
VIRGINIA,

Petitioners,

GLOBAL TEL*LINK, d/b/a ViaPath Technologies,

Intervenor,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

DIRECT ACTION FOR RIGHTS AND EQUALITY; PENNSYLVANIA PRISON
SOCIETY; CRIMINAL JUSTICE REFORM CLINIC; OFFICE OF COMMUNICATION
OF THE UNITED CHURCH OF CHRIST, INC.,

Intervenors.

————————————

No. 24-2061

STATE OF LOUISIANA; STATE OF MISSISSIPPI; STATE OF TEXAS;
SHERIFF SID GAUTREAUX; SHERIFF BOBBY WEBRE; SHERIFF MARK WOOD;

SHERIFF KEVIN COBB; LOUISIANA SHERIFFS' ASSOCIATION,

Petitioners,

GLOBAL TEL*LINK, d/b/a ViaPath Technologies; NATIONAL SHERIFFS'
ASSOCIATION,

Intervenors,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES

Respondents,

DIRECT ACTION FOR RIGHTS AND EQUALITY; PENNSYLVANIA PRISON
SOCIETY; CRIMINAL JUSTICE REFORM CLINIC; OFFICE OF COMMUNICATION
OF THE UNITED CHURCH OF CHRIST, INC.,

Intervenors.

———————————

On Petitions for Review of an Order of the Federal
Communications Commission

———————————

Before

Barron, Chief Judge,
Howard and Montecalvo, Circuit Judges.

———————————

Scott H. Angstreich and Justin B. Berg, with whom Jordan R.G.
González, Kellogg, Hansen, Todd, Figel & Frederick, PLLC, Marcus
W. Trathen, Amanda S. Hawkins, Cristopher B. Dodd, Brooks, Pierce,
McLendon, Humphrey & Leonard, LLP, Michael H. Pryor, and Brownstein
Hyatt Farber Schreck, LLP were on brief, for petitioners Securus
Technologies, LLC and Pay Tel Communications, Inc.

Arjun R. Ramamurti, with whom Jessica Ring Amunson, Andrew C.
DeGuglielmo, Ruby C. Giaquinto, Jenner & Block LLP, Andrew Jay
Schwartzman, Amy E. Potter, and Angeli & Calfo LLC were on brief,
for petitioners Direct Action for Rights and Equality, Criminal
Justice Reform Clinic, and Pennsylvania Prison Society.

Kelsey L. Smith, Deputy Solicitor General of Louisiana, with

whom <u>Elizabeth B. Murrill</u>, Attorney General of Louisiana, <u>Theodore E. Rokita</u>, Attorney General of Indiana, <u>Blake Lanning</u>, Assistant Chief Deputy, <u>Joshua J. David</u>, Deputy Attorney General, <u>Jade A. Poorman</u>, <u>Bradley S. Davis</u>, Deputy Attorneys General, <u>Tim Griffin</u>, Attorney General of Arkansas, <u>Dylan L. Jacobs</u>, Deputy Solicitor General and Interim Solicitor General, <u>Steve Marshall</u>, Attorney General of Alabama, <u>Edmund G. LaCour Jr.</u>, Solicitor General, <u>James Uthmeier</u>, Attorney General of Florida, <u>John Guard</u>, Chief Deputy Attorney General, <u>Christopher M. Carr</u>, Attorney General of Georgia, <u>Stephen J. Petrany</u>, Solicitor General, <u>Raúl R. Labrador</u>, Attorney General of Idaho, <u>Alan Hurst</u>, Solicitor General, <u>Sean M. Corkery</u>, Assistant Solicitor General, <u>Brenna Bird</u>, Attorney General of Iowa, <u>Eric H. Wessan</u>, Solicitor General, <u>Lynn Fitch</u>, Attorney General of Mississippi, <u>Justin L. Matheny</u>, Deputy Solicitor General, <u>Andrew Bailey</u>, Attorney General of Missouri, <u>Joshua M. Divine</u>, Solicitor General, <u>Dominic X. Barceleau</u>, Assistant Attorney General, <u>Dave Yost</u>, Attorney General of Ohio, <u>T. Elliot Gaiser</u>, Ohio Solicitor General, <u>Mathura J. Sridharan</u>, Deputy Solicitor General, <u>Alan Wilson</u>, Attorney General of South Carolina, <u>Joseph D. Spate</u>, Assistant Deputy Solicitor General, <u>Marty J. Jackley</u>, Attorney General of South Dakota, <u>Ryan McFall</u>, Assistant Attorney General, <u>Jonathan Skrmetti</u>, Attorney General of Tennessee, <u>Whitney Hermandorfer</u>, Director of Strategic Litigation, <u>Ken Paxton</u>, Attorney General of Texas, <u>Brent Webster</u>, First Assistant Attorney General, <u>Aaron L. Neilson</u>, Solicitor General, <u>Jacob Beach</u>, Assistant Solicitor General, <u>Derek E. Brown</u>, Attorney General of Utah, <u>Stanford Purser</u>, Solicitor General, <u>Jason Miyares</u>, Attorney General of Virginia, and <u>Kevin M. Gallagher</u>, Principal Deputy Solicitor General, were on brief, for petitioners States of Indiana, Arkansas, Louisiana, Alabama, Florida, Georgia, Idaho, Iowa, Mississippi, Missouri, Ohio, South Carolina, South Dakota, Tennessee, Texas, Utah, and Virginia; Louisiana Sheriffs Sid Gautreaux, Bobby Webre, Mark Wood, and Kevin Cobb; and the Louisiana Sheriffs' Association.

<u>Landis C. Best</u>, <u>Angela F. Collins</u>, and <u>Cahill Gordon & Reindel LLP</u> were on brief for Global Tel*Link Corporation d/b/a ViaPath Technologies as intervenor.

<u>Salvatore Taillefer, Jr.</u> and <u>Blooston, Mordkofsky, Dickens & Prendergast, LLP</u>, were on brief for National Sheriffs' Association as intervenor.

<u>Scott H. Angstreich</u>, <u>Justin B. Berg</u>, <u>Daren G. Zhang</u>, <u>Jordan R.G. González</u>, <u>Kellogg, Hansen, Todd, Figel & Frederick, PLLC</u>, <u>Michael H. Pryor</u>, and <u>Brownstein Hyatt Farber Schreck, LLP</u> were on brief for Securus Technologies, LLC as intervenor.

Arjun R. Ramamurti, Jessica Ring Amunson, Andrew C. DeGuglielmo, Ruby C. Giaquinto, Jenner & Block LLP, Andrew Jay Schwartzman, Amy E. Potter, Angeli & Calfo LLC, Erik Stallman, and Samuelson Law, Technology & Public Policy Clinic were on brief for Direct Action for Rights and Equality; Criminal Justice Reform Clinic; Pennsylvania Prison Society; and Office of Communication of United Church of Christ, Inc. as intervenors.

Bradley Craigmyle, Deputy General Counsel, with whom D. Adam Candeub, General Counsel, Sarah E. Citrin, Deputy Associate General Counsel, Matthew J. Dunne, Counsel, Federal Communications Commission, Abigail A. Slater, Assistant Attorney General, Robert B. Nicholson, and Robert J. Wiggers, Attorneys, U.S. Department of Justice, were on brief, for respondents.

Stephen A. Raher and Tabor Law Group on brief for National Consumer Law Center, Electronic Privacy Information Center, Prison Policy Initiative, and the Utility Reform Network as amici curiae supporting respondents.

John Bergmayer on brief for Public Knowledge, the Benton Institute for Broadband & Society, Center for Digital Democracy, and Free Press as amici curiae supporting respondents.

Brian L. Schwalb, Attorney General of the District of Columbia, Caroline S. Van Zile, Solicitor General, Ashwin P. Phatak, Principal Deputy Solicitor General, Chloe Q. Pan, Assistant Attorney General, Letitia James, Attorney General of New York, Barbara D. Underwood, Solicitor General, Judith N. Vale, Deputy Solicitor General, and Daniel S. Magy, Assistant Solicitor General, on brief for the District of Columbia, the States of New York, California, Illinois, Maine, Maryland, Massachusetts, Minnesota, Nevada, New Jersey, and Rhode Island as amici curiae supporting respondents.

---

October 31, 2025

---

**PER CURIAM.**    On September 18, 2024, the United States Judicial Panel on Multidistrict Litigation ("JPML") randomly selected this Court to hear a number of pending petitions for review of a Federal Communications Commission ("FCC") order.    The JPML did so pursuant to 28 U.S.C. § 2112(a)(3).    The order, among other things, reduces the rates for the provision of incarcerated people's communications services ("IPCS") -- or, to use more colloquial terms, the means by which those held in jails and prisons can make telephone calls.

We heard oral arguments on the petitions on October 7, 2025.    At that time, the FCC repeated the request it had made prior to oral arguments to hold the petitions in abeyance due to recent FCC action that indicates that the agency may soon enter a new order addressing the provision of IPCS.    The FCC argued that the new order, if promulgated, may bear on the pending petitions, including by partially mooting them.    At the same time, though, some of the petitioners argue that we must transfer all the pending petitions to the Fifth Circuit.

If we were to agree that the petitions pending before us must be transferred to the Fifth Circuit -- or even that, in the exercise of our discretion, they should be -- then that might affect where any petitions for review challenging a new order superseding the present order (either in whole or in part) would be heard.    Accordingly, we think it sensible to resolve now the

contentions about whether this Court is the proper one to address the petitions at hand, notwithstanding that we are otherwise holding them in abeyance.

As we will explain, we see no basis for concluding that we must transfer the petitions. And, at least for now, we have no request to exercise our discretion to transfer the petitions. We also see no reason to do so on our own at this time.

## I.

Pursuant to the Martha Wright-Reed Just and Reasonable Communications Act of 2022 ("MWRA"), 47 U.S.C. §§ 152-153, 276, the FCC on July 22, 2024, released on its website an order that, among other things, established new rate caps for IPCS. In re Incarcerated People's Commc'ns Servs.; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Servs., FCC WC Docket Nos. 12-375, 23-62 (July 22, 2024) (the "Order"). The Order also dismissed as moot petitions filed directly with the FCC, and not in any court, from a provider of such services -- Securus Technologies, LLC ("Securus") -- that sought clarification and waiver of certain aspects of the agency's prior rules. Id. ¶¶ 599, 604-07.

On August 26, 2024, the FCC published in the Federal Register the parts of the Order that dismissed as moot those petitions. Incarcerated People's Communications Services, 89 Fed.

Reg. 68369, 68369-70 (Aug. 26, 2024).  At the time that the FCC published the portion of the Order denying those petitions, the FCC did not similarly publish the other portions of the Order. See id.

Within ten days of the publication in the Federal Register of the portions of the Order denying Securus's clarification and waiver petitions, four parties, including Securus, filed petitions for review challenging the Order, either in whole or in part.  Securus filed its petition in the Fifth Circuit, arguing that the "denials of its clarification and waiver petitions" were unlawful.  The three other parties -- Direct Action for Rights and Equality, Pennsylvania Prison Society, and Criminal Justice Reform Clinic (which collectively refer to themselves as the "Public Interest Petitioners") -- filed petitions in the First, Third, and Ninth Circuits, respectively.  Each of these petitions stated that "in the event" that the as-yet-unpublished portion of the Order was deemed "reviewable," each petitioner wished to challenge it.

On September 16, 2024, the FCC forwarded all four of these petitions to the JPML pursuant to 28 U.S.C. § 2112(a)(3). That provision states in relevant part:

> If an agency . . . receives two or more petitions for review of an [agency] order [within ten days of that order's issuance] . . . the agency . . . shall, promptly after the expiration of the ten-day

period specified [above], so notify the
[JPML] . . . . The [JPML] shall, by means of
random selection, designate one court of
appeals, from among the courts of appeals in
which petitions for review have been filed and
received within the ten-day period . . ., in
which the record is to be filed, and shall
issue an order consolidating the petitions for
review in that court of appeals. . . . The
agency . . . concerned shall file the record
in the court of appeals designated pursuant to
this paragraph.

28 U.S.C. § 2112(a)(3). Section 2112(a)(5) then states that "[a]ll

courts in which proceedings are instituted with respect to the

same order, other than the court in which the record is filed

pursuant to this subsection, shall transfer those proceedings to

the court in which the record is so filed."

On September 18, 2024, the JPML, pursuant to

§ 2112(a)(3), selected this Court as the one in which the FCC must

file the administrative record pertaining to the Order. Our Court

thereby, through what is often referred to as a lottery, became

the court to which all petitions for review of the Order would be

transferred.

That same day, the FCC filed the administrative record

pertaining to the Order in this Court. Two days later, the rest

of the Order was published in the Federal Register. See

Incarcerated People's Communication Services, 89 Fed. Reg. 77244

(Sept. 20, 2024).

Within 60 days of the publication of the rest of the Order, new petitions for review were filed in other circuits.[1] Included in this group of petitions was a new petition from Securus and new petitions from the Public Interest Petitioners.  These new petitions were filed in the petitioners' respective home circuits.

In its new petition, Securus challenged, for the first time, the portions of the Order that had been newly published rather than just the denial of its prior petitions to the FCC for clarification and waiver.  The Public Interest Petitioners, by contrast, continued to seek review of the same portions of the Order that they had sought to challenge in their earlier petitions, which were filed when those portions of the Order had not yet been published.  They emphasized in their new petitions, though, that these new petitions were being filed to "safeguard" their rights and ensure that their petitions were timely filed now that the Order had been published in full in the Federal Register.

In addition to these new petitions, this group of petitions also included a petition for review by Pay Tel Communications, Inc. ("Pay Tel"), another IPCS provider.  Pay Tel filed its petition in the Fourth Circuit.

Pursuant to § 2112(a)(5), the petitions for review just described -- like the earlier ones -- were transferred to this

_____

[1] One of the Public Interest Petitioners filed a new petition in this Circuit because we are its home circuit.

Court by the courts in which they were filed. These petitions were so transferred because, at that time, this Court was "the court in which the record" was filed. 28 U.S.C. § 2112(a)(5).

On September 27, 2024, Securus filed a motion in this Court, requesting that we "exercise [our] discretion to transfer these consolidated petitions 'in the interest of justice'" pursuant to § 2112(a)(5) to the Fifth Circuit. In support of that argument, Securus contended that it was the only party "aggrieved" by the first-published section of the Order and the Public Interest Petitioners "were required to wait for Federal Register publication" of the rules that "aggrieve them" before any of them could file a petition for review. We denied the motion "without prejudice to later revisitation of all issues bearing on venue and potential transfer."

Soon thereafter, on October 3, 2024, we issued orders to the Public Interest Petitioners. In those orders we required those petitioners to show cause as to why their earlier-filed petitions should not be dismissed for lack of "jurisdiction." Then, on November 13, 2024, "[h]aving considered the responses" to our show-cause orders, we "determined that this matter [would] proceed, with the issues flagged in the order[s] to show cause reserved to the ultimate merits panel."

A week later, Securus filed a renewed motion to transfer, and Pay Tel filed a motion seeking the same. We denied both

motions without prejudice on December 9, 2024, and directed the parties to "address all relevant gating matters, including the venue issues," in briefing to the merits panel.

On December 13, 2024, Securus and Pay Tel (collectively, the "Provider Petitioners") sought a writ of mandamus from the Supreme Court of the United States to order this Court to transfer the "consolidated [petitions for review] to the Fifth Circuit." Petition for a Writ of Mandamus at 20, In re Securus Techs., 145 S. Ct. 1223 (2025) (No. 24-658). The Supreme Court denied the petition for the writ of mandamus on February 24, 2025. In re Securus Techs., 145 S. Ct. 1223 (2025) (mem.).

We held oral arguments on the consolidated petitions for review on October 7, 2025. Following oral arguments, the FCC published a new draft order to be voted on later in October that the FCC contends, if adopted, may moot certain aspects of the case.

## II.

As the FCC points out, Securus originally did not dispute that the administrative record pertaining to the Order was properly filed in this Court. It thus did not dispute at that time that all the petitions pertaining to the Order and not filed directly in this Court were properly transferred to this Court pursuant to § 2112(a)(5). At that time, Securus requested only that we exercise our discretion to transfer the petitions to the Fifth

Circuit pursuant to § 2112(a)(5).  See 28 U.S.C. § 2112(a)(5) (allowing "the court in which the record is filed" to transfer "all the proceedings" "[f]or the convenience of the parties in the interest of justice").

As we explained above, we denied that motion "without prejudice."  Then, after receiving the renewed motions to transfer, we denied those motions "without prejudice" as well and directed "the parties" to "address all relevant gating matters" in their merits briefing.

As the FCC again points out, the Provider Petitioners, in their merits briefing, no longer ask us to exercise our discretion, pursuant to § 2112(a)(5), to transfer the petitions at hand to the Fifth Circuit.  Instead, the Provider Petitioners now contend only that we are _required_ to transfer the petitions to that Circuit as a matter of law.[2]

In arguing for the mandatory transfer of the petitions, the Provider Petitioners advance two grounds as to why we must do so.  Neither ground holds up.

---

[2] Another group of petitioners that include several states, four sheriffs, and a sheriffs' association "agree with [the Provider Petitioners] that venue is improper in this Court" for the same reasons described below.

**A.**

The Provider Petitioners first contend that "[i]n only one circumstance does § 2112(a) call for a venue lottery: when, 'within ten days' after the [O]rder can be appealed, petitions for review are filed 'in at least two courts of appeals.'" (Quoting 28 U.S.C. § 2112(a)(1), (3).) They contend that here that trigger for holding the lottery did not occur. As a result, they contend that it follows that we must transfer the petitions to the Fifth Circuit.

In pressing this argument, the Provider Petitioners first point out that, per 28 U.S.C. § 2344, the ten-day period referenced in § 2112(a)(1) to file a petition for review "begins '[o]n the entry of a final order'" by an agency. (Quoting id. § 2344) (alteration in original) (emphasis added). "Entry" of an order, they argue, "occurs when 'the agency' 'give[s] notice thereof . . . in accordance with [the agency's internal] rules.'" (Quoting id. § 2344) (first and second alteration in original).

Accordingly, the Provider Petitioners argue, citing Blanca Tel. Co. v. FCC, 743 F.3d 860, 866-67 (D.C. Cir. 2014), the ten-day period for filing a petition for review challenging the portion of the Order denying the clarification and waiver petitions began when the Order was released on the FCC's website, not when it was published in the Federal Register. That is so, the Provider Petitioners contend, because the portion of the Order denying the

waiver petition was an adjudication, and according to the FCC's internal rules, adjudications are entered when "released," 47 C.F.R. § 1.4(b)(2).

Against that backdrop, the Provider Petitioners make the following multi-step argument. First, they contend, the petition that Securus filed in the Fifth Circuit seeking review of the Order's denial of its earlier waiver petition to the FCC was the first petition seeking review of any portion of the Order. Second, that petition was filed more than ten days after the FCC entered the portion of the Order denying Securus's petition for waiver (by releasing it on the FCC's website). Third, 28 U.S.C. § 2112(a)(1) requires the administrative record to be filed in the court "in which proceedings . . . were first instituted."[3]  Fourth, that court is the Fifth Circuit, given that was where Securus filed its petition for review challenging the portion of the Order that denied its earlier petition to the FCC seeking waiver. And,

---

[3] The FCC and the Public Interest Petitioners, for their part, argue "that the portion of the Order" that dismissed the clarification and waiver petitions as moot, was a rulemaking rather than an adjudicatory decision. This is so, they contend, because that part of the Order "is addressed to and sets a standard of conduct for all to whom its terms apply." (Quoting CBS v. United States, 316 U.S. 407, 418 (1942).) Moreover, they note, Securus's original petitions were not Securus-specific. Instead, they argue, Securus's clarification petition sought "industry-wide clarification," and Securus's waiver petition requested that "Securus and other providers" be allowed to offer alternate rate plans. We need not resolve this dispute over the nature of the portion of the Order discussing the clarification and waiver petitions, however, given our ultimate resolution of the issue.

finally, because the administrative record has to be filed in the Fifth Circuit, it follows that we <u>must</u> transfer all the petitions pertaining to the Order -- both Securus's petition challenging the portion of the Order denying its requests for clarification and waiver and those petitions challenging the remainder of the Order -- to the Fifth Circuit, given that § 2112(a)(5) dictates that "[a]ll courts . . . shall transfer [the petitions for review] to the court in which the record is so filed."

In effect, then, the Provider Petitioners are arguing that, although the JPML purported to be conducting the lottery under § 2112(a) and thereby ordered the FCC to file the administrative record for the Order in this Circuit, the JPML erred in doing so.  And that is because, the Provider Petitioners contend, § 2112(a)(3)'s prerequisites for the JPML so acting had not been satisfied.  From this premise, they then assert that we must transfer all the petitions before us to the Fifth Circuit as § 2112(a) designates that Circuit to receive the petitions challenging the Order.

The problem with this argument is that the relevant provision simply provides that when the administrative record for an agency's order has been filed in a court at the direction of the JPML's lottery determination, petitions pertaining to that order "shall [be] transfer[red]" to that court.  <u>Id.</u> § 2112(a)(5).  And there is no dispute that the administrative record for the

Order was filed in this Court pursuant to the JPML's direction and is still so filed.  Therefore, under § 2112(a)(5), the petitions had to be transferred here once the JPML ordered the record filed here.

We note, too, that there is another problem with the Provider Petitioners' logic.  They appear to predicate their contention on the understanding that they may collaterally attack in our Court the JPML's determination that the administrative record pertaining to the Order be filed in this Court.  But they point to no provision of law that would support that contention, contrast id. § 1407(e) (providing for review of a JPML order concerning multidistrict litigation filed in a district court) with id. § 2112(a) (absent), and the mere implicit assumption that we have such authority does not amount to an argument for our having it, see United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

### B.

The Provider Petitioners' second argument starts with the same premise as their first, namely that "§ 2112(a)(1) selects the Fifth Circuit to hear" the petitions.  Their factual contentions regarding the various petitions' timing also remain the same.  They, however, add on -- as if it gives more weight to their position -- that the Public Interest Petitioners' petitions

"were filed before entry of the only portion of the Order those
entities challenge"; that those petitions were, therefore,
"incurably premature"; and thus, that we lack jurisdiction over
them. As a result, the Provider Petitioners argue, assuming that
the first part of the Order was considered entered when it was
published in the Federal Register, the only petition over which we
have "jurisdiction" that was filed within ten days after the FCC
published the first part of the Order is Securus's original
petition for review -- filed in the Fifth Circuit -- of the portion
of the Order that denied its petitions to the FCC for clarification
and waiver. Consequently, they reiterate, "§ 2112(a)(1) selects
the Fifth Circuit to hear" the petitions for review because the
prerequisites for the JPML to have conducted a lottery and thereby
to have ordered the administrative record to be filed in this Court
had not been fulfilled.

        Once again, we disagree, and largely for the same reasons
that lead us to reject the Provider Petitioners' first argument
for why we must transfer all the petitions to the Fifth Circuit.
To be sure, the Provider Petitioners are right that, insofar as
the petitions were properly transferred here because the record
pertaining to the Order was filed here, we still must decide
whether we have jurisdiction over the petitions. We fail to see,
however, why that assessment has any bearing on whether we

must -- rather than may -- transfer the petitions pertaining to the Order to the Fifth Circuit.

No matter how that assessment about our jurisdiction over any of the petitions now pending in this Court might be made, the fact remains that the record pertaining to the Order was filed in this Court. And, again, § 2112(a) provides that "[a]ll courts in which [petitions of review] are [filed] with respect to the [Order] . . . shall transfer those [petitions] to the court in which the record is so filed." 28 U.S.C. § 2112(a)(5). Moreover, in pressing this variant of their argument for the mandatory transfer of the petitions to the Fifth Circuit, the Provider Petitioners are, in effect, once again making a collateral attack in our Court on the JPML's determination that the administrative record be filed in this Court. Yet, they offer no basis for our authority to treat the actions of the JPML as null and void.

All that said, we further note that no party disputes that we have jurisdiction over the Public Interest Petitioners' later-filed petitions. Nor do we see how any party could, given that these petitions were all filed by "aggrieved" parties "within 60 days after" "entry of a final order" (the publication of the Order in full in the Federal Register). Id. § 2344. In fact, in their "Statement of Jurisdiction," the Provider Petitioners explicitly remark that we "ha[ve] jurisdiction . . . over all the other petitions for review filed except for the three"

earlier-filed Public Interest Petitioners' petitions. (Emphasis omitted.) That would necessarily include the Public Interest Petitioners' later-filed petitions that were transferred to us pursuant to § 2112(a)(5) as "the court in which the record" was filed. Therefore, because we plainly have jurisdiction over each of the Public Interest Petitioners' later-filed petitions and because these later-filed petitions challenge the same parts of the Order that the alleged "incurably premature" petitions challenge, it is inconsequential whether we have jurisdiction over the earlier-filed petitions. Or at least it is, given that, for the reasons we have explained, the assessment of whether those earlier-filed petitions are "incurably premature" has no bearing on whether we <u>must</u> transfer any of the petitions that are now pending in this Court or not.

We emphasize that we do not have any pending motion for us to exercise our discretion to transfer the petitions. At the same time, we see no reason for us to exercise our discretion to transfer them on our own to the Fifth Circuit or to any other court. Indeed, in the course of addressing the mandatory transfer arguments, we have necessarily become familiar with these petitions. And, as our recounting of the already involved procedural history of this case reveals, no other court -- including the Fifth Circuit -- has had reason to become similarly familiar with them. See <u>Pub. Int. Rsch. Grp.</u> v. <u>FCC</u>,

522 F.2d 1060, 1064 (1st Cir. 1975); cf. Buckeye Partners, L.P. v.
FERC, No. 22-60100, 2022 WL 1528311, at *1-2 (5th Cir. May 13,
2022) (per curiam).

### III.

 For the reasons stated, we find that the petitions for
review of the Order are properly before this Court.