# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | |
|---|---|
| IN RE: MCP 191 | No. 24-8028 |
| SECURUS TECHNOLOGIES, LLC,<br><br>   *Petitioner*,<br><br>GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES,<br><br>   *Intervenor*,<br><br>          v.<br><br>FEDERAL COMMUNICATIONS COMMISSION;<br>UNITED STATES,<br><br>   *Respondents*,<br><br>DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; CRIMINAL JUSTICE REFORM CLINIC; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.,<br><br>   *Intervenors*. | Nos. 24-1860<br>& 24-1927 |
| PAY TEL COMMUNICATIONS, INC.,<br><br>   *Petitioner*,<br><br>GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES,<br><br>   *Intervenor*,<br><br>          v.<br><br>FEDERAL COMMUNICATIONS COMMISSION;<br>UNITED STATES,<br><br>   *Respondents*,<br><br>PENNSYLVANIA PRISON SOCIETY; DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.<br><br>   *Intervenors*. | No. 24-1969 |

# BRIEF OF PETITIONERS SECURUS TECHNOLOGIES, LLC AND PAY TEL COMMUNICATIONS, INC. REGARDING EFFECT OF *2025 IPCS ORDER*

As of April 6, 2026 — the compliance date for the rules the FCC adopted in the *2025 IPCS Order*[1] — nearly all of the challenges Petitioners Securus and Pay Tel raised against the *2024 IPCS Order*[2] (JA1486-949, 1951-52, 2091-581) will be moot. The two exceptions are the challenges to the FCC's decisions requiring IPCS providers to recover the costs of ancillary services through per-minute rates (Securus/Pay Tel Pet'r Br. 49-54) and regarding the preemption of state rate caps for intrastate calls (*id.* at 54-58). But in light of the *2025 IPCS Order* and the ongoing notice-and-comment process before the FCC, Securus and Pay Tel no longer wish to pursue those two challenges to *2024 IPCS Order*. As a result, the Court should dismiss the petitions for review that Securus and Pay Tel filed.

---

[1] Report and Order, Order on Reconsideration, and Further Notice of Proposed Rulemaking, *Incarcerated People's Communications Services*, WC Docket Nos. 23-62, 12-375, FCC 25-75 (rel. Nov. 6, 2025) ("*2025 IPCS Order*").

[2] Report and Order, Order on Reconsideration, Clarification and Waiver, and Further Notice of Proposed Rulemaking, *Incarcerated People's Communications Services*, WC Docket Nos. 23-62, 12-375, FCC 24-75 (rel. July 22, 2024; modif. Aug. 26, 2024 and Oct. 2, 2024) ("*2024 IPCS Order*") (JA1486-949 (public); JA2091-581 (sealed); JA1951-52 (second errata)).

## BACKGROUND

This case arises from the *2024 IPCS Order*, in which the FCC adopted rules for audio and video communications services used in prisons and jails (known as IPCS). Securus and Pay Tel, which provide IPCS to prisons and jails throughout the country, petitioned for review of that order. Those petitions for review — and others — were consolidated in this Court. *See In re MCP 191*, 158 F.4th 294, 298-99 (1st Cir. 2025) (per curiam).

After the parties completed merits briefing, the FCC's Wireline Competition Bureau issued an order "waiv[ing] the deadlines for complying" with the rate caps and ban on site commissions in the *2024 IPCS Order*. *See Waiver Order*[3] ¶ 1. This Court denied two FCC motions to postpone oral argument, which the FCC filed in light of its *Waiver Order* and intent to "reevaluate its IPCS rules." *Id.*; *see* Order at 1, Nos. 24-8028 *et al.* (1st Cir. July 16, 2025); Order at 1, Nos. 24-8028, *et al.* (1st Cir. Sept. 15, 2025).

About one month after this Court heard oral argument, the FCC released the *2025 IPCS Order*. The *2025 IPCS Order* sets new rate caps for audio and video IPCS that "supersede" the rate caps in the *2024 IPCS Order*. *2025 IPCS Order* ¶¶ 2, 8. In setting those revised rate caps, the FCC "revise[d] the treatment of

---

[3] Order, *Incarcerated People's Communications Services*, WC Docket Nos. 23-62 &12-375, DA 25-565 (Wireline Comp. Bur. rel. June 30, 2025) ("*Waiver Order*").

safety and security costs to include all such reported costs in the revised rate caps," *see id*. ¶ 9; adopted "a uniform rate additive of up to $0.02 per minute" to account for facility costs, *id*. ¶ 37; and "use[d] only billed minutes in calculating" the new interim rate caps, *id*. ¶ 18.  The *2025 IPCS Order* was published in the Federal Register on December 5, 2025.  *See* Incarcerated People's Communication Services, 90 Fed. Reg. 56013 (Dec. 5, 2025).  The compliance deadline for the new rules and rate caps is April 6, 2026.  *See id.* at 56013.

On December 11, 2025, this Court ordered briefing on whether the *2025 IPCS Order* "moots any issues on appeal."  Order at 1, Nos. 24-8028 *et al.* (1st Cir. Dec. 11, 2025).  At the same time, parties filed petitions for review of the *2025 IPCS Order* in five courts of appeals.[4]  On December 30, 2025, the Judicial Panel on Multidistrict Litigation selected the D.C. Circuit via lottery for the consolidation of those petitions for review.  *See* Consolidation Order, *In re MCP No. 198* (JPML Dec. 30, 2025).  That same day, the Public Interest Petitioners filed an unopposed motion to extend the deadline to respond to this Court's briefing order, which this Court granted.  *See* Order at 1, Nos. 24-8028 *et al.* (1st Cir. Jan. 5, 2026).

---

[4] *See Direct Action for Rights & Equality v. FCC, et al.*, No. 25-2192 (1st Cir. Dec. 11, 2025); *Pa. Prison Soc'y v. FCC, et al.*, No. 25-3431 (3d Cir. Dec. 10, 2025); *Network Commc'ns Int'l Corp. v. FCC, et al.*, No. 25-60695 (5th Cir. Dec. 12, 2025); *Crim. Just. Reform Clinic, v. FCC, et al.*, No. 25-7792 (9th Cir. Dec. 11, 2025); *United Church of Christ Media Just. Ministry, Inc. v. FCC, et al.*, No. 25-1280 (D.C. Cir. Dec. 11, 2025).

3

On January 27, 2026, Direct Action for Rights and Equality ("DARE"), a petitioner here as well as a party that had petitioned for review of the *2025 IPCS Order*, moved to transfer the consolidated petitions for review of the latter order to this Court. *See* DARE Mot., *United Church of Christ Media Just. Ministry, Inc. v. FCC*, No. 25-1280 (D.C. Cir. Jan. 27, 2026). Three other Public Interest Petitioners supported that motion, while the fifth Petitioner (Network Communications International Corporation) opposed it, and the FCC and United States took no position. *See id.* at 2-3. DARE's transfer motion is fully briefed, but the D.C. Circuit has not yet ruled on that motion.

## ARGUMENT

### I. Three Challenges Securus and Pay Tel Raised Are Now Moot Because the *2025 IPCS Order* Reverses the Challenged Portions of the *2024 IPCS Order*

The *2025 IPCS Order* reverses three aspects of the *2024 IPCS Order* that Securus and Pay Tel challenged, thereby mooting those challenges. *See Gulf of Maine Fishermen's All. v. Daley*, 292 F.3d 84, 88 (1st Cir. 2002) ("The promulgation of new regulations and amendment of old regulations are among such intervening events as can moot a challenge to the regulation in its original form."); *see also Row 1 Inc. v. Becerra*, 92 F.4th 1138, 1144 (D.C. Cir. 2024) ("[T]he government's abandonment of a challenged [policy] is just the sort of development that can moot an issue.").

4

First, Securus and Pay Tel argued that, in the *2024 IPCS Order*, the FCC both erroneously used the "used and useful" standard to identify necessary safety costs and arbitrarily and capriciously excluded from the rate caps the costs of five categories of safety and security measures. *See* Securus/Pay Tel Pet'r Br. 41-45. But the *2025 IPCS Order* incorporates into the rate caps all "five excluded cost categories of safety and security measures." *2025 IPCS Order* ¶ 36.[5]

Second, Securus and Pay Tel argued that, in the *2024 IPCS Order*, the FCC arbitrarily and capriciously excluded facility costs when setting the lower bound of its zone of reasonableness. *See* Securus/Pay Tel Pet'r Br. 44-45. The *2025 IPCS Order* instead "allow[s] recovery of [facilities] costs through a separate rate additive for facility-related cost recovery." *2025 IPCS Order* ¶ 38.

Third, Securus and Pay Tel argued that, in the *2024 IPCS Order*, the FCC arbitrarily and capriciously calculated rate caps by using all minutes of use (including unpaid minutes). *See* Securus/Pay Tel Pet'r Br. 46-49. In the *2025 IPCS Order*, the FCC "use[d] only billed minutes" to calculate the rate caps. *2025 IPCS Order* ¶ 18.

Because the *2025 IPCS Order* expressly supersedes the *2024 IPCS Order* on each of the above issues, Securus' and Pay Tel's challenges to the above issues are

---

[5] By acknowledging that this and other claims are now moot, Securus and Pay Tel reserve their rights to raise these claims should the Court find they are not moot or in challenging future FCC actions.

5

moot. *See Gulf of Maine Fishermen's Alliance*, 292 F.3d at 88 (challenges to regulations moot when "deficiencies [were] eliminated by the promulgation of a new" regulation).

## II. Securus and Pay Tel Now Lack Standing as to Four Other Challenges Because of the *2025 IPCS Order* or the Passage of Time, Mooting Them as Well

The *2025 IPCS Order* did not correct other legal errors in the *2024 IPCS Order* that Securus and Pay Tel challenged. But continuing disagreement over the law alone is not enough to prevent mootness: "When, as now, a [claimant] has initial standing to bring a particular claim, a federal court is duty bound to dismiss the claim as moot if subsequent events unfold in a manner that undermines any one of the three pillars" of constitutional standing. *Ramirez v. Sanchez Ramos*, 438 F.3d 92, 100 (1st Cir. 2006). Although disagreements may remain over the interpretation of the law, "federal courts do not issue advisory opinions" in the absence of constitutional standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423-24 (2021). The below issues will be moot as of April 6, 2026 because Securus and Pay Tel will no longer have standing to raise those challenges.

### A. Securus and Pay Tel Are No Longer Injured by the FCC's Misinterpretation of the Statutory Fair Compensation Requirement

Securus and Pay Tel argued that, in its *2024 IPCS Order*, the FCC adopted an interpretation of the statutory requirement to ensure "fair compensation" to all

6

IPCS providers that violated the statutory text.  *See* Securus/Pay Tel Pet'r Br. 31-36.  That error of statutory interpretation led the FCC to set unlawful rate caps in the *2024 IPCS Order*.

But the *2024 IPCS Order* rate caps will not take effect.  The industry will continue operating under the 2021 interim rate caps until April 5, 2026, *see Waiver Order* ¶ 19 & n.57, with compliance with the rate caps established by the *2025 IPCS Order* required the next day, see *2025 IPCS Order* ¶¶ 129-130.  While Securus and Pay Tel continue to dispute the FCC's interpretation of the statutory "fair compensation" requirement, the rates established by the application of the legal error will never take effect due to the superseding *2025 IPCS Order*.  "Federal courts do not possess a roving commission to publicly opine on every legal question" absent standing.  *TransUnion*, 594 U.S. at 423-24.  Despite the continued disagreement about the statute's meaning, this challenge is therefore moot.

### B.     For Three Additional Challenges, Redressability Is No Longer Available

Three other issues are moot because this Cout could not redress them even if it ruled for Securus and Pay Tel.  To satisfy the redressability requirement of standing, there must be a "substantial likelihood" that the requested relief will redress the injury.  *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 287 (2008).  Even where injuries were once "redressable by a court," a challenge is

7

moot without a "persisting redressable injury" throughout the litigation. *Nat'l Ass'n of Gov't Emps., Inc. v. Yellen*, 120 F.4th 904, 911 (1st Cir. 2024).

First, Securus and Pay Tel argued that the FCC arbitrarily and capriciously failed to align the implementation of its ban on separate ancillary service charges with the implementation of the *2024 IPCS Order* rate caps and site commission ban. *See* Securus/Pay Tel Pet'r Br. 52-54. While the *2025 IPCS Order* does not undo the past misalignment, which Securus and Pay Tel continue to believe constituted legal error, the Court can no longer grant any meaningful relief to Securus or to Pay Tel on this issue. All IPCS providers and facilities must comply with the *2025 IPCS Order* rate caps at all facilities on April 6, 2026, at which point any staggered implementation would have ended. *2025 IPCS Order* ¶ 130. Given what little time remains, the Court cannot grant meaningful relief to Securus and Pay Tel on this issue.

Second, Securus argued that the FCC erred in denying as moot its petition for clarification on the application of the pre-*2024 IPCS Order* rules about site commissions. *See* Securus/Pay Tel Pet'r Br. 58-59. With compliance with the *2025 IPCS Order* site commission ban taking effect on April 6, 2026, *see 2025 IPCS Order* ¶ 130, there is again no likelihood of Securus obtaining meaningful relief from a ruling that the FCC erred in denying its clarification petition as moot.

8

Third, Securus also argued that the FCC erred in denying as moot its petition for waiver of certain rules that prevented Securus from re-launching alternative pricing plans. *See* Securus/Pay Tel Pet'r Br. 58-59. The FCC's new rules in the *2024 IPCS Order* governing alternative pricing plans had not yet taken full effect during briefing and oral argument here. But on January 6, 2026, the FCC announced that the information collection rules about alternative pricing plans have taken effect.[6] Because the new alternative pricing rules are now in effect, this Court can no longer redress Securus' past injury by remanding its petition for waiver to the FCC.

### III. Securus and Pay Tel No Longer Seek the Court's Ruling on the Only Two Challenges They Raised That Are Not Moot

While two of Securus' and Pay Tel's challenges to the *2024 IPCS Order* are not moot, due to the passage of time, the *2025 IPCS Order*, and the pending notice of proposed rulemaking that, once completed, will lead to a further IPCS Order, Securus and Pay Tel no longer wish to pursue those challenges.

First, Securus and Pay Tel challenged the FCC's decision to require IPCS providers to recover the costs of ancillary fees through per-minute rates, rather than through separate charges. *See* Securus/Pay Tel Pet'r Br. 49-54. IPCS providers

---

[6] *See* Public Notice, *Wireline Competition Bureau Announces Office of Management and Budget Approval of IPCS Alternate Pricing Plan Requirements*, WC Docket Nos. 23-62, 12-375, DA 26-13 (Wireline Comp. Bur. rel. Jan. 6, 2026).

9

incur the costs of providing ancillary services as incarcerated persons and their family and friends use those ancillary services — not when they make audio or video calls. By eliminating ancillary fees, therefore, the FCC failed to acknowledge that incarcerated persons would use ancillary services more often, increasing providers' costs in ways that would not be captured in the rates. Although the *2025 IPCS Order* does not alter that decision, it seeks further comment on ancillary service cost recovery. *See 2025 IPCS Order* ¶¶ 109-117. Securus and Pay Tel have both submitted comments in that new rulemaking proceeding, urging the FCC to alter its treatment of ancillary service cost recovery. To the extent necessary, Securus and Pay Tel can pursue any legal challenges following the FCC's future decision on the new record it is now compiling.

Second, Securus and Pay Tel challenged the FCC's conclusions as to federal preemption of the states' ability to set intrastate IPCS rate caps. *See* Securus/Pay Tel Pet'r Br. 54-58. To begin, the word "ensure" in 47 U.S.C. § 276(b) requires the FCC to set rate caps that serve as both the ceiling *and floor* for interstate and intrastate IPCS rates. Alternatively, if § 276(b) does not expressly preempt state rate-setting so only conflict preemption applies, *see* 47 U.S.C. § 276(c), the FCC erred in categorically preempting states from setting rate caps for intrastate IPCS above the federal rate caps — conflict preemption requires a case-by-case analysis, as the FCC adopted for states that set lower rate caps. The

10

*2025 IPCS Order* does not address preemption. But whether any lower state caps for intrastate calls conflict with federal law, including the new rate caps that the FCC adopted in the *2025 IPCS Order*, presents a different question, which Securus and Pay Tel can raise in the future on a record specific to a particular State's determination.

Thus, given these intervening events, Securus and Pay Tel no longer seek judicial review of these two aspects of the *2024 IPCS Order*.

## CONCLUSION

For the reasons above, the Court should dismiss the petitions for review that Securus and Pay Tel filed challenging the *2024 IPCS Order*. The issuance of the *2025 IPCS Order* and the passage of time have mooted nearly all the issues raised in those petitions for review, and Securus and Pay Tel no longer seek judicial review of the two issues that are not moot.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ *Scott H. Angstreich* |
| Michael H. Pryor | Scott H. Angstreich |
| BROWNSTEIN HYATT FARBER | Justin B. Berg |
|   SCHRECK, LLP | Jordan R. G. González |
| 1155 F Street, N.W., Suite 1200 | Kellogg, Hansen, Todd, |
| Washington, D.C. 20004 |   Figel & Frederick, P.L.L.C. |
| (202) 389-4706 | 1615 M Street, N.W., Suite 400 |
| mpryor@bhfs.com | Washington, D.C. 20036 |
|  | (202) 326-7900 |
|  | sangstreich@kellogghansen.com |
|  | jberg@kellogghansen.com |
|  | jgonzalez@kellogghansen.com |
|  | *Counsel for Petitioner Securus Technologies, LLC* |
|  | /s/ *Marcus W. Trathen* |
|  | Marcus W. Trathen |
|  | Amanda S. Hawkins |
|  | Christopher B. Dodd |
|  | Brooks, Pierce, McLendon, |
|  |   Humphrey & Leonard L.L.P. |
|  | 1700 Wells Fargo Capitol Center |
|  | 150 Fayetteville Street (27601) |
|  | Post Office Box 1800 |
|  | Raleigh, NC 27602 |
|  | (919) 839-0300 |
|  | mtrathen@brookspierce.com |
|  | *Counsel for Petitioner Pay Tel Communications, Inc.* |

February 24, 2026

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Federal Rule of Appellate Procedure 32(g), that this supplemental brief complies with the page limit set by this Court, *see* Order (Dec. 11, 2025). Excluding the portions of the brief exempted by Federal Rule of Appellate Procedure 32(f), the motion is 11 pages.

I further certify that this brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared using Microsoft Word in a proportionally spaced typeface (Times New Roman, 14 point).

 /s/ *Scott H. Angstreich*
Scott H. Angstreich
*Counsel for Petitioner Securus Technologies, LLC*

February 24, 2026

## CERTIFICATE OF SERVICE

I hereby certify that, on February 24, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Scott H. Angstreich*
Scott H. Angstreich
*Counsel for Petitioner Securus Technologies, LLC*