# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

| | |
|---|---|
| IN RE: MCP 191 | No. 24-8028 |

| | |
|---|---|
| SECURUS TECHNOLOGIES, LLC,<br><br>    *Petitioner*,<br><br>GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES,<br><br>    *Intervenor*,<br><br>      v.<br><br>FEDERAL COMMUNICATIONS COMMISSION;<br>UNITED STATES,<br><br>    *Respondents*,<br><br>DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.;<br>CRIMINAL JUSTICE REFORM CLINIC; PENNSYLVANIA<br>PRISON SOCIETY; OFFICE OF COMMUNICATION OF<br>THE UNITED CHURCH OF CHRIST, INC.,<br><br>    *Intervenors*. | Nos. 24-1860<br>& 24-1927 |
| PAY TEL COMMUNICATIONS, INC.,<br><br>    *Petitioner*,<br><br>GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES,<br><br>    *Intervenor*,<br><br>      v.<br><br>FEDERAL COMMUNICATIONS COMMISSION;<br>UNITED STATES,<br><br>    *Respondents*,<br><br>PENNSYLVANIA PRISON SOCIETY; DIRECT ACTION<br>FOR RIGHTS AND EQUALITY, INC.; OFFICE OF<br>COMMUNICATION OF THE UNITED CHURCH OF<br>CHRIST, INC.<br><br>    *Intervenors*. | No. 24-1969 |

**REPLY BRIEF OF PETITIONERS SECURUS TECHNOLOGIES, LLC
AND PAY TEL COMMUNICATIONS, INC.
REGARDING EFFECT OF *2025 IPCS ORDER***

As Securus and Pay Tel showed — and the FCC agrees — nearly all the challenges Securus and Pay Tel raised against the *2024 IPCS Order*[1] are now moot. *See* Securus/Pay Tel Suppl. Br. 4-9; FCC Suppl. Br. 5-7. And for the reasons explained in their supplemental brief, Securus and Pay Tel no longer wish to pursue their two non-moot challenges to that order. *See* Securus/Pay Tel Suppl. Br. 9-11. The FCC agrees that "dismissal is warranted" because Securus and Pay Tel "no longer wish to pursue these claims." FCC Suppl. Br. 7.

But the Public Interest Petitioners asserted in their supplemental brief that "nearly every issue remains live in this Court," including Securus' and Pay Tel's challenges to the *2024 IPCS Order*, other than their "unbilled-minutes challenge." Public Interest Pet'rs Suppl. Br. 2, 5. The Public Interest Petitioners are right about the unbilled-minutes issue — but wrong about the rest of Securus' and Pay Tel's challenges. As we have shown, the combination of the *Waiver Order*[2] and

---

[1] Report and Order, Order on Reconsideration, Clarification and Waiver, and Further Notice of Proposed Rulemaking, *Incarcerated People's Communications Services*, WC Docket Nos. 23-62, 12-375, FCC 24-75 (rel. July 22, 2024; modif. Aug. 26, 2024 and Oct. 2, 2024) ("*2024 IPCS Order*") (JA1486-949 (public); JA2091-581 (sealed); JA1951-52 (second errata)).

[2] Order, *Incarcerated People's Communications Services*, 40 FCC Rcd 4309 (Wireline Comp. Bur. 2025) ("*Waiver Order*").

the *2025 IPCS Order*[3] moots *all* challenges to the lawfulness of the rate-cap

methodology the FCC used in the *2024 IPCS Order* because those rate caps will

*never* take effect — not now and not in the event of a remand.  *See* Securus/Pay

Tel Suppl. Br. 4-5, 7-9; Securus Suppl. Intervenor Br. 5-9.  The FCC agrees.  *See*

FCC Suppl. Br. 5-7, 10-14.

In sum, Securus and Pay Tel agree with the FCC:  other than three limited

sets of challenges that remain live, these cases — including Securus' and Pay Tel's

petitions in their entirety — should be dismissed.  *See id.* at 14.  And Securus and

Pay Tel do not object to the Public Interest Petitioners' proposal that the Court wait

for the D.C. Circuit to rule on the pending transfer motion before deciding when to

rule on the few issues that are not moot.  *See* Public Interest Pet'rs Suppl. Br. 2-3.

---

[3] Report and Order, Order on Reconsideration, and Further Notice of
Proposed Rulemaking, *Incarcerated People's Communications Services*, WC
Docket Nos. 23-62, 12-375, FCC 25-75 (rel. Nov. 6, 2025) ("*2025 IPCS Order*").

Respectfully submitted,

/s/ *Scott H. Angstreich*

Michael H. Pryor
BROWNSTEIN HYATT FARBER
  SCHRECK, LLP
1155 F Street, N.W., Suite 1200
Washington, D.C. 20004
(202) 389-4706
mpryor@bhfs.com

Scott H. Angstreich
Justin B. Berg
Jordan R. G. González
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
sangstreich@kellogghansen.com
jberg@kellogghansen.com
jgonzalez@kellogghansen.com

*Counsel for Petitioner Securus
Technologies, LLC*

/s/ *Marcus W. Trathen*

Marcus W. Trathen
Amanda S. Hawkins
Christopher B. Dodd
BROOKS, PIERCE, MCLENDON,
  HUMPHREY & LEONARD L.L.P.
1700 Wells Fargo Capitol Center
150 Fayetteville Street (27601)
Post Office Box 1800
Raleigh, NC 27602
(919) 839-0300
mtrathen@brookspierce.com

*Counsel for Petitioner Pay Tel
Communications, Inc.*

April 10, 2026

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Federal Rule of Appellate Procedure 32(g), that this supplemental reply brief complies with the page limit set by this Court, *see* Order (Dec. 11, 2025).  Excluding the portions of the brief exempted by Federal Rule of Appellate Procedure 32(f), the brief is 2 pages.

I further certify that this brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because it has been prepared using Microsoft Word in a proportionally spaced typeface (Times New Roman, 14 point).

/s/ *Scott H. Angstreich*  
Scott H. Angstreich  
*Counsel for Petitioner Securus*  
*Technologies, LLC*

April 10, 2026

## CERTIFICATE OF SERVICE

I hereby certify that, on April 10, 2026, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Scott H. Angstreich*
Scott H. Angstreich
*Counsel for Petitioner Securus*
*Technologies, LLC*